# FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

DEC 09 2015
12-9-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MOMO ENTERPRISES, LLC, a dissolved Limited
Liability Company, ANASTACIO GONZALEZ,
Plaza Lounge, LLC, a dissolved limited liability company
)

    Plaintiffs

v.

BANCO POPULAR OF NORTH AMERICA
(now known as POPULAR COMMUNITY BANK),
CHUHAK & TECSON, PEAK PROPERTIES,
DAVID J. AXELROD AND ASSOCIATES, e.t al,

    Defendants

1:15-cv-11074
Judge Sharon Johnson Coleman
Magistrate Judge Sidney I. Schenkier

)    Case No.

)    **JURY TRIAL DEMANDED**
)
)
)
)
)
)
)

## PLAINTIFF'S CLAIM AGAINST DEFENDANTS
## WITH JURY DEMAND

Now come the Plaintiffs, ANASTACIO GONZALEZ, MOMO Enterprises, and Plaza

Lounge LLC, by their attorney Robert D. Shearer and respectfully submit their Claim against the

Defendants name here in. In support of this motion, Plaintiffs state as follows:

## I.     RELEVANT FACTS

## A.     INTRODUCTION

1.     This extraordinarily egregious and profoundly disturbing case arises out of a malicious on-going CIVIL CONSPIRACY, motivated by racial hatred towards Latinos and by "organized racketeering style" financial greed and unjust enrichment, which was fully executed in concert of action by the CO-CONSPIRATORS listed below and whose primary purpose was and is to: (1) defraud the PLAINTIFF, Anastacio Gonzalez, a first generation Latino (hereinafter, "GONZALEZ") of his most important assets including: (a) his residential condominium and home (hereinafter, GONZALEZ RESIDENTIAL CONDO); (b) his rooftop condominium (hereinafter, GONZALEZ ROOFTOP CONDO; (c) his commercial condominium (hereinafter, GONZALEZ COMMERCIAL CONDO); and (d) his restaurant business and personal property (hereinafter, GONZALEZ RESTAURANT); all located in a new construction building (hereinafter, SUBJECT BUILDING), situated in one of the top four commercial income producing neighborhoods in the country as recently reported by Forbes; (2) unlawfully conceal and cover-up that scheme through various unlawful and malicious acts; and (3) maliciously deprive GONZALEZ of his Federal and State civil rights, his Federal and State statutory rights and his State personal injury rights, in an effort to: (a) oppress and forcibly silence GONZALEZ; and (b) force the relevant statutes of limitations to run out.

2.     As such, this is a Complaint against the Defendants for a: (1) Civil Conspiracy to Defraud GONZALEZ and his Businesses; (2) Civil Conspiracy to Deprive GONZALEZ and his Business of their Civil Rights; and (3) for various unlawful acts and torts committed by the CO-CONSPIRATORS in furtherance of those schemes.

3.     The present conspiracies involve direct and indirect collusion between the following individuals and entities, as well as others (hereinafter sometimes jointly and/or severably referred to as "CO-CONSPIRATORS") all of whom knowingly entered into an unlawful agreement and committed various tortious acts, civil right violations and unlawful overt acts in concert of action with each other, in furtherance of the aforesaid CIVIL CONSPIRACIES, as fully detailed in this Complaint:

a.   Popular Community Bank (F/K/A Banco Popular of North America, hereinafter "BPNA" or PCB BANK);

b.   Thomas H. Horn, Assistant Vice President of Commercial Lending for BPNA (hereinafter "HORN")

c.   BPNA's law firm, Chuhak & Tecson, (hereinafter "C&T LAW");

d.   BPNA's Agent and Management Company: Michael Zucker, (hereinafter " ZUCKER") and Peak Properties, (hereinafter "PEAK");

e.   Attorney David J. Axelrod, (hereinafter "AXELROD") and his law firm, David J. Axelrod & Associates (hereinafter "AXELROD LAW");

f.   Four Caucasian individuals (Robert STONE, (hereinafter "STONE"), David BALL, (hereinafter "BALL"), Jennifer CIRAR, (hereinafter "CIRAR"), and John Leydon, (hereinafter "LEYDON); and

g.   The Division Point Terraces Condominium Association, hereinafter "DPT CONDO" and its officers who control the association: STONE (the Secretary of DPT CONDO, hereinafter DPT CONDO SECRETARY), and BALL (the President of DPT CONDO, hereinafter DPT CONDO PRESIDENT).

## B.   **OVERVIEW**

4.     GONZALEZ, a first generation Latino, purchased a commercial condominium unit (GONZALEZ COMMERCIAL CONDO) on the first floor of a new construction four-unit, four-story, mixed-use condominium building (SUBJECT BUILDING) which is located in Chicago's lucrative and trendy Wicker Park neighborhood, with the intention of opening a family restaurant (GONZALEZ RESTAURANT) in the commercial first floor space.  GONZALEZ also purchased

a residential condominium unit (GONZALEZ RESIDENTIAL CONDO) located on the fourth floor of the SUBJECT BUIDLING, which became his home, and the rooftop deck condominium parcel (GONZALEZ ROOFTOP CONDO).

5.     John Leydon (LEYDON), a Caucasian and business man who owns various properties and businesses near the SUBJECT BUILDING, and a longtime friend of Robert Stone (STONE), directed STONE to purchase Residential Condominium Unit 2, located on the second floor of the SUBJECT BUILDING, which he did.

6.     It was later discovered that John Leydon (hereinafter LEYDON) a white Caucasian male and a long-time friend of STONE, directed STONE to buy residential Unit 2. Thereafter, STONE and LEYDON secretly entered into a conspiracy with other CO-CONSPIRATORS, to defraud GONZALEZ of GONZALEZ COMMERCIAL CONDO and GONZALEZ RESTAURANT.

7.     David Ball (BALL) and Jenifer Cirar (CIRAR) purchased Residential Condominium Unit 3, located on the third floor of the SUBJECT BUILDING and also resided in that condominium unit at all relevant times.

8.     The Condo association governing the SUBJECT BUILDING, was and/or is the Division Point Terraces Condominium Association (DPT CONDO) of which BALL was and/or is the President (DPT CONDO PRESIDENT) and STONE was and/or is the Secretary (DPT CONDO SECRETARY).

**UNLAWFUL /OVERT ACTS COMMITTED BY STONE, BALL & CIRAR**

9.     Prior to GONZALEZ launching GONZALEZ RESTAURANT, STONE: (1) repeatedly demanded that GONZALEZ sell or lease to him GONZALEZ COMMERCIAL CONDO; (2) communicated to GONZALEZ that he did not want Gonzalez's Latino business in

his building; (3) sent a text message to GONZALEZ stating to the effect that: <u>If you open a Latino business, I will hire a very young and very hungry attorney and drown you in legal debt</u>; and (4) asserted that he (STONE) had the power, influence and money to take all of GONZALEZ's personal and business assets and that he was going to do so.

10. GONZALEZ consistently refused all of those demands by STONE, and proceeded to launch GONZALEZ RESTAURANT in GONZALEZ COMMERCIAL CONDO. Thereafter, STONE began to conspire with BALL, CIRAR, LEYDON, DPT CONDO and Popular Community Bank / Banco Popular of North America (BPNA) to maliciously damage GONZALEZ, GONZALEZ COMMERCIAL CONDO, and GONZALEZ RESTAURANT by committing various unlawful and tortious acts in an effort to prevent GONZALEZ RESTAURANT first from opening, and then from earning a profit once it opened. The intent was to: (1) making it impossible for GONZALEZ to make his mortgage payments; (2) force a sale of GONZALEZ COMMERCIAL CONDO at public auction; and (3) execute a bid-rigging scheme to ensure the transfer of the property to CO-CONSPIRATORS. In furtherance of this initial effort, STONE, BALL, CIRAR and LEYDON, individually and in concert with the other CO-CONSPIRATORS, committed various malicious, unlawful and overt acts, including but not limited to the following:

    a. Maliciously filed the <u>first fraudulent lawsuit</u> against GONZALEZ individually and GONZALEZ RESTAURANT (which had no legal basis and which specifically violated specific provisions in the real estate sales/purchase contracts for Residential Condominium Units 2 and 3) with the intent to financially damage GONZALEZ, fraudulently force GONZALEZ to incur high legal fees, and tortiously interfere with GONZALEZ RESTAURANT. Significantly, Chicago Alderman Joe Proco Moreno (as well as others) set forth a declaration pursuant to an investigation conducted by the Mexican American Legal Defense and Education Fund (MALDEF) Attorney Jorge Sanchez, demonstrating that the aforesaid lawsuit was fraudulent and that STONE and BALL had committed perjury.

    b. <u>Repeatedly dumped dog feces and urine</u> around the front, side and rear entrances of GONZALEZ RESTAURANT (as well as around GONZALEZ personal

residential entrance), to create a constant foul odor and barrier, in an attempt to prevent customers from patronizing GONZALEZ RESTAURANT. Most of the instances were logged, documented via photographs, and captured on video; for example on one occasion, the PLAINTIFF'S video recorded dog feces and urine clearly being dumped from STONE'S second floor condo unit at the entrance and inside of GONZALEZ RESTAURANT;

c. Repeatedly racially attacked GONZALEZ and his Latino employees and associates by consistently referring to them as 'piece of shit, jag off, punks," then disturbingly harassing them utilizing dog feces;

d. Repeatedly pad-locked the rear entrance/emergency exit to GONZALEZ RESTAURANT. The intent was to prevent the business from operating in that the rear exit functioned not only as an emergency exit for the establishment, but also served as the main way to bring in food, beverages and supplies into GONZALEZ RESTAURANT kitchen and to remove garbage from the premises. On one occasion, GONZALEZ filed a Chicago Police report and a motion in Court to force STONE and BALL to remove the pad-locks which they had unlawfully placed on the rear fence of GONZALEZ RESTAURANT. As a result, STONE and BALL admitted to pad-locking GONZALEZ RESTAURANT rear fence, and Judge Mary K. Rochford, in response, subsequently entered a Court Order directing STONE, BALL, and CIRAR to remove the pad-locks. However, despite that Court Order, the pattern continued.

e. Repeatedly blocked the rear entrance/emergency exit to GONZALEZ RESTAURANT with large commercial garbage containers (and their own garbage) and then smeared the handles of the garbage containers with dog feces to make them more difficult to move. Many of these instances were logged, photographed and/or captured on video.

f. Repeatedly filed and/or caused to be filed several false Chicago Police reports and/or calls falsely alleging a noise nuisance at GONZALEZ RESTAURANT which caused a constant police presence at GONZALEZ RESTAURANT. The intent was to label GONZALEZ RESTAURANT as a "troubled business" after which potential customers were dissuaded from patronizing GONZALEZ RESTAURANT. The constant arrival of members of the Chicago Police Department also cause customers to leave GONZALEZ RESTAURANT. Several Police investigations conducted as a result of the false noise nuisance complaints, determined that there was never any noise nuisance. As a result, GONZALEZ RESTAURANT was never issued any noise nuisance related citation;

g. Consistently defamed and committed libel and slander against GONZALEZ and GONZALEZ RESTAURANT through various means including social media, verbally and in writing. For example, various Starbucks employees, located across the street from GONZALEZ RESTAURANT, stated that STONE and/or BALL were coming into that Starbucks and defaming GONZALEZ and GONZALEZ RESTAURANT verbally and in writing by dropping off printed material, which

defamed GONZALEZ and GONZALEZ RESTAURANT. One Starbucks employee provided a signed and notarized affidavit to this effect to GONZALEZ.

h.  Sent various messages to GONZALEZ via text, including but not limited to the following, which further clearly demonstrates the fraudulent nature of the first fraudulent lawsuit and reveals STONE's actual motivation for filing these suits was to destroy Plaintiff and Plaintiffs business financially:

> [STONE]: "***pay dave (BALL) and we will stop – this is not a fucken game – we are taking you to court for a second time and we already started preparing for a lengthy trial on the first suit. I have deep pockets – I hope you do!" [Sent September 24, 2009, 10:11 p.m.]

> [STONE]: "*** I rather Mediated then take this case to trial – save your pennies. End of Story". [Sent by STONE to GONZALEZ on June 23, 2009]

> [STONE]: "it will never stop I'm on your ass***" [November 8, 2009, 2:03 am]

> [STONE]: "***I'm dragging ur ass through a long ass trial – then we are coming after u again***" [Sent December 5, 2009, 12:20 a.m.]

> [STONE]: "***see you in court - my love" [Sent December 5, 2009, 12:24 a.m.]

## UNLAWFUL / OVERT ACTS COMMITTED BY DPT CONDO

11.  STONE, BALL and CIRAR formed DPT CONDO with the malicious intent to damage GONZALEZ and GONZALEZ BUSINESS as clearly demonstrated by the following text message(s), of several, that STONE sent to GONZALEZ:

> [STONE]: "I tried to be civilized about this matter and u refuse to accommodate dave and myself – so now we are going to use the powers of the condo board – dave is president fyi.", "***Ur out voted and this is just the start *** its going to get ugly", "*** it's a two thirds vote we can do whatever we want***" [December 5 and 7, 2009]

12.  Thereafter, STONE and BALL utilized their positions as DPT CONDO PRESIDENT (BALL), and DPT CONDO SECRETARY (STONE) to damage GONZALEZ,

GONZALEZ RESTAURANT, and GONZALEZ COMMERCIAL CONDO including but not limited to the following acts:

a. Filed a second malicious and fraudulent lawsuit, which was directed against GONZALEZ RESTAURANT, fraudulently alleging that GONZALEZ RESTAURANT owed DPT CONDO certain monies for Insurance. However: GONZALEZ RESTAURANT had already obtained insurance; also, no demand letter was ever sent to GONZALEZ prior to the filing of the aforesaid lawsuit, as required by law. In addition, a default judgment was obtained by DPT CONDO by scheduling the Motion for Default Judgment to coincide with two other court dates involving BPNA and STONE/BALL which GONZALEZ was obligated to attend. However, this lawsuit ended in GONZALEZ RESTAURANT favor.

b. Filed a third malicious and fraudulent lawsuit, which was directed against GONZALEZ, which fraudulently alleged that GONZALEZ owed the DPT CONDO certain monies for assessments, and which demanded possession through the Forcible Entry and Detainer Act. Significantly, DPT CONDO did not provide any substantiating evidence and all of their Verified complaints alleged different amounts owed by GONZALEZ (from $5650.00 to $11,735.00). However, DPT CONDO obtained a judgment against GONZALEZ and in its favor through the false testimony of BALL as DPT CONDO PRESIDENT.

c. Intentionally damaged GONZALEZ from a financial standpoint, by: (1) Fraudulently inducing GONZALEZ to pay for common DPT CONDO bills by falsely promising they would reimburse GONZALEZ for their share of the payments, including maintenance, repairs, improvements, and utility bills, (such as the COMED electrical bill for the common public meter and a common City of Chicago Water Bill). STONE and BALL's promise to fully reimburse GONZALEZ was false since they never intended to fully reimburse GONZALEZ. As a result, GONZALEZ incurred numerous expenses beyond his share of the common expenses for the SUBJECT BUILDING, which totaled thousands of dollars for which GONZALEZ was never reimbursed.

d. Physically and verbally attacked GONZALEZ during an unlawful breaking and entry of GONZALEZ ROOFTOP PARCEL. At that time, STONE, BALL and an unknown associate, unlawfully trespassed onto GONZALEZ private rooftop, by drilling out the deadbolt lock to the access door. As GONZALEZ was videotaping the incident with his phone, the unidentified person who was drilling out the lock, physically attacked and verbally assaulted GONZALEZ while holding the drill in his hand. GONZALEZ filed a Chicago Police report, which documented the incident. Significantly, GONZALEZ was then treated at St. Mary and Elizabeth Hospital for the injuries he sustained, during the physical attack.

e. Repeatedly discriminated against GONZALEZ, violated GONZALEZ housing rights and blatantly breached their fiduciary duties as DPT CONDO PRESIDENT and DPT CONDO SECRETARY. For example the DPT CONDO: (1) refused to service or

provide any maintenance for the common element areas located on GONZALEZ's fourth floor front and rear stairways, thereby causing a very dangerous environment for GONZALEZ; (2) refused to change the hallway lights when they went out and paint or clean the front and rear stairways on GONZALEZ floor; (3) restricted GONZALEZ from utilizing certain common areas in the same manner that the other Caucasian tenants were allowed to, as clearly demonstrated by a certified letter proferred to GONZALEZ by the DPT CONDO attorney, as well a text messages sent to GONZALEZ by the DPT CONDO officers; (4) Did not afford GONZALEZ the right to vote as a DPT CONDO MEMBER as demonstrated by various text messages; and (5) committed perjury during the adjudication of a restraining order filed by GONZALEZ against STONE, as attested to by Alderman Joe Proco Moreno.

f. Repeatedly committed various criminal acts including criminal trespass and racially motivated criminal damage to property. For example, on one ocassion, STONE disturbingly damaged the building's interior hallways, in an effort to terrorize and defame GONZALEZ. On February 2, 2010, STONE damaged the front and rear hallways in the entire building, including the garage, from the first floor to the fourth floor by spray painting derogatory terms ("stas ur n ass", "u ass", "scumbag stas") in large blood red letters from floor to ceiling, which were specifically directed at GONZALEZ ("stas" is GONZALEZ nickname). GONZALEZ immediately filed a Chicago Police report related to the aforesaid February 2, 2010 incident. In response to that incident, Judge Mary K. Rochford, issued an Order which mandated that STONE and BALL "cease and desist" contacting GONZALEZ, spray painting, and/or damaging the premises, in any way.

g. Committed perjury under oath in relation to the aforesaid criminal damage to property, as attested to by a declaration from Alderman Joe Proco Moreno, which was conducted by MALDEF Attorney Jorge Sanchez.

## UNLAWFUL /OVERT ACTS COMMITTED BY BPNA AND C&T LAW

13. After STONE, BALL, LEYDON and the DPT CONDO accomplished their initial goal of maliciously forcing GONZALEZ COMMERCIAL CONDO to fall behind in its mortgage payments, they began to fully conspire with BPNA and C&T LAW, to effectuate their scheme. Their specific intent was to: (1) initiate a wrongful foreclosure; (2) force a sale of GONALEZ COMMERCIAL CONDO at public auction; and (3) effectuate a bid-rigging scheme so that the property could be purchased by one of the CO-CONSPIRATORS at a price far below the fair market value.

14.     Significantly, BPNA and C&T LAW methodically orchestrated and successfully executed the most unlawful and damaging elements of the present CIVIL CONSPIRACY which allowed the CO-CONSPIRATORS as a whole to effectuate their schemes and accomplish their unlawful goals, which actions are clearly and indisputably evidenced by videotaped footage, court testimony under oath and transcripts, witness testimony, emails, text messages, and official documents in the record, as detailed below:

   a.  Initiated and executed a wrongful foreclosure, by intentionally inserting fraudulent material information in their pleadings, thereby forcing a sale of GONZALEZ COMMERCIAL CONDO at a court ordered public auction;

   b.  Conspired directly with STONE, BALL and the DPT CONDO during foreclosure proceedings against GONZALEZ and GONZALEZ COMMERCIAL CONDO. Significantly, BPNA appeared in court in collaboration with STONE and BALL during which BPNA fraudulently misled the Court by the use of perjured testimony by STONE and BALL. The specific fraudulent intent of such actions by BPNA was to appoint ZUCKER as their chosen Receiver for GONZALEZ COMMERCIAL CONDO in an effort to unlawfully transfer control of GONZALEZ COMMERCIAL CONDO to BPNA.

   c.  Effectuated a bid-rigging scheme in direct violation of the SHERMAN ACT in which they purposefully suppressed competitive bidding and artificially suppressed the price of GONZALEZ COMMERCIAL CONDO;

   d.  Fraudulently purchased GONZALEZ COMMERCIAL CONDO at a non-competitive price and deep discount at the court ordered public auction.

   e.  Materially altered the judicial sale deed of GONZALEZ COMMERCIAL CONDO and recorded that fraudulent deed with the Cook County Recorder of Deeds in an initial effort to conceal the bid-rigging conspiracy;

   f.  Executed a malicious and wrongful eviction via a Forcible Entry and Detainer Action against GONZALEZ RESTAURANT. Significantly GONZALEZ RESTAURANT was not a party to the foreclosure proceedings, and prior thereto, BPNA had specifically waived their right to evict GONZALEZ RESTAURANT.

   g.  Unlawfully converted all of GONZALEZ RESTAURANT personalty in direct violation of orders issued by the Circuit Court of Cook County and by Cook County Sheriff. The aforementioned theft was captured on video and confirmed under oath by ZUCKER, BPNA'S own Agent.

h.  Fraudulently sold GONZALEZ COMMERCIAL CONDO and all of GONZALEZ RESTAURANT personalty to LEYDON, at a deep discount and in violation of the Illinois Uniform Fraudulent Transfer Act, Orders by the Circuit Court of Cook County and the Cook County Sheriff. Significantly the sale was effectuated after GONZALEZ had filed a lawsuit and had encumbered title to GONZALEZ COMMERCIAL CONDO by filing a lis pendens, and after GONZALEZ had also filed a lien in the amount of $1,500,000.00;

i.  Aided and abetted LEYDON in a mortgage fraud scheme to enable LEYDON to purchase GONZALEZ COMMERCIAL CONDO from BPNA. Significantly, LEYDON apparently pledged GONZALEZ RESTAURANT personalty, which he did not own, in order to obtain the loan to purchase GONZALEZ COMMERCIAL CONDO from BPNA. BPNA was well aware of their fraudulent representations made by LEYDON. It is also important to note that, LEYDON was captured on video accessing GONZALEZ COMMERCIAL CONDO with his own set of keys on at least two occasions both of which were prior to the time BPNA sold GONZALEZ COMMERCIAL CONDO to LEYDON; and (2) During the sale of GONZALEZ COMMERCIAL CONDO to LEYDON, C&T LAW became LEYDONS Attorney.

## UNLAWFUL /OVERT ACTS COMMITTED BY LEYDON

15.  On two occasions GONZALEZ and an employee of GONZALEZ RESTAURANT, observed and videotaped LEYDON freely entering GONZALEZ COMMERCIAL CONDO with his own set of keys which further clearly evidences LEYDON's direct collusion with BPNA. Thereafter, LEYDON committed various unlawful acts in furtherance of the CIVIL CONSPIRACY, including but not limited to the following:

a.  Set in motion a physical and verbal assault against GONZALEZ Latino Associate during the second time that he was observed entering GONZALEZ COMMERCIAL CONDO. GONZALEZ Latino associate was struck in the face and back of the head by LEYDON'S associate pursuant to which he suffered injuries to the head and eye. During the physical attack, he was verbally assaulted pursuant to which he was called a "jag off", "piece of shit", and "fat boy". Further, the offender yelled "I hate punks". GONZALEZ Latino associate filed a police report regarding the battery and was subsequently examined and treated at the St. Elizabeth Hospital Emergency Room on two occasions for the injuries suffered in this attack. Significantly, the entire incident was captured on video and witnessed by two individuals.

b.  Committed the first instance of Mortgage fraud during the purchase of GONZALEZ COMMERCIAL CONDO from BPNA as follows: (1) fraudulently represented that he had clear and marketable title to GONZALEZ COMMERCIAL

CONDO; and (2) apparently pledged GONZALEZ RESTAURANT personalty in order to obtain the mortgage loan to purchase GONZALEZ COMMERCIAL CONDO from BPNA. Significantly, both LEYDON and STONE utilized that same Attorney (ROCHMAN) to close on their respective units in the SUBJECT BUILINDG.

c. Unlawfully transferred GONZALEZ COMMERCIAL CONDO to a separate company, which LEYDON controlled and at no cost, in violation of the Uniform Fraudulent Transfer Act and in violation of a Citation to Discover Assets that was issued by a Cook County Judge which strictly prohibited such transfer of assets;

d. Committed a second instance of Mortgage Fraud as follow: (1) utilized a false address; and (2) once again represented clear and marketable title. Significantly, that transfer was additionally unlawful in that it constituted a second violation of the Uniform Fraudulent Transfer Act.

e. Modified the legal description of GONZALEZ COMMERCIAL CONDO (via a quit claim deed executed during the above mentioned second instance of Mortgage fraud) to include the indoor commercial parking spot which was specifically and intentionally excluded from the legal description (when BPNA purchased GONZALEZ COMMERCIAL CONDO at public auction, and when LEYDON purchased GONZALEZ COMMERCIAL CONDO from BPNA) in a further effort to effectuate and conceal BPNA's bid-rigging scheme;

f. Unlawfully converted the remaining personalty owned by GONZALEZ RESTAURANT and located in GONZALEZ COMMERCIAL CONDO after which GONZALEZ filed a motion against LEYDON demanding the return of said personalty. Significantly, in response: (1) LEYDON refused to return GONZALEZ personalty; (2) C&T LAW became LEYDON's Attorney in defense of said motion; (3) the petition for Attorney's fees submitted by Counsel for LEYDON (C&T LAW) demonstrated that STONE and BALL were being prepared to offer testimony to defend LEYDON; and (4) LEYDON, STONE and BALL were captured on video inside GONZALEZ COMMERCIAL CONDO celebrating over drinks and utilizing GONZALEZ personalty when GONZALEZ was evicted from his residential condo.

## THE SCHEME TO: (1) CONCEAL AND COVER-UP THE CIVIL CONSPIRACY (2) FORCIBLY SILENCE AND DEPRIVE GONZALEZ OF HIS CIVIL RIGHTS AND (3) UNLAWFULLY CAUSE THE STATUTES OF LIMITATIONS TO EXPIRE

16.    BPNA and C&T LAW, conspired directly with Attorney David J. Axelrod (AXELROD) and his law firm, David J. Axelrod & Associates (AXELROD LAW) to conceal the present conspiracy, to deprive GONZALEZ of his civil rights, and to cause the statutes of limitations to expire. To accomplish this goal they orchestrated and executed a precisely timed

and coordinated scheme, pursuant to which they repeatedly violated GONZALEZ civil rights, relentlessly and egregiously misused legal proceedings constituting several instances of malicious abuse of process and malicious prosecution and also subjected GONZALEZ and his business to physical, emotional and financial harm by committing various unlawful and illegal acts. Significantly, the main elements of this present scheme, were initiated after GONZALEZ began defending himself by exposing the fraud and overall CIVIL CONSPIRACY executed by the CO-CONSPIRATORS. This scheme primarily consisted of the following:

    a. Moved to enforce a fraudulent Deficiency Judgment and pursuant thereto, issued a Citation to Discover Assets, seven months after the sale of GONZALEZ COMMERCIAL CONDO. This act was in direct response to a motion that was filed by GONZALEZ which clearly demonstrated fraud on the part of BPNA in obtaining the Default Judgments against GONZALEZ.

    b. Filed a fraudulent Sanctions Motion against GONZALEZ requesting that GONZALEZ be held in Civil Contempt for allegedly filing false pleadings and to be restricted from filing future pleadings. Significantly, GONZALEZ pleadings were not false but were true, which fact was clearly evident based solely on the face of the record;

    c. Filed a fraudulent Amended Sanctions Motion demanding that GONZALEZ be arrested and prosecuted by the Cook County State's Attorney for a class 3 Felony for the filing of the same allegedly false pleadings. Once again, it is evident based solely on the face of the record that GONZALEZ pleadings were not false;

    d. Filed a fraudulent Motion for Contempt against GONZALEZ demanding that GONZALEZ be arrested, which Motion specifically demanded "the issuance of a writ of attachment against ANASTACIO GONZALEZ". Said Motion was also fraudulent and in direct violation of Orders issued by Cook County Circuit Judge Alexander P. White, which had stayed all citation proceedings, pending the adjudication of a motion by GONZALEZ to vacate the Default Judgment of Foreclosure and Sale. Significantly, Judge White issued that Order directing that GONZALEZ vacate the Judgment, after Judge White came to the conclusion that there was apparent Fraud and Misconduct on the part of BPNA.

    e. Fraudulently attempted to strike GONZALEZ Section 2-1401(f) Petition to Vacate the Default Judgments of Foreclosure and Sale (which Judge White had directed GONZALEZ to file) by attempting to submit an order to that effect without any basis for it in the Circuit Courts ruling;

f.  Intentionally "spoiled" material evidence (which GONZALEZ had accumulated against the Defendants) through the theft, conversion and disposal of GONZALEZ documents, which were in the sole control and possession of BPNA. The theft and spoliation of evidence, was captured on video, witnessed, corroborated under oath by a BPNA Agent, and reported to the Chicago Police;

g.  Subjected GONZALEZ and his Latino Associates to several assaults and batteries, one of which was executed solely a BPNA agent (ZUCKER) and which attack was approved and coordinated by a C&T LAW Attorney (TERRENCE G. TIU) who was present for the entire physical and verbal attack. The incident was captured on video and witnessed. A Chicago Police report was promptly filed.

h.  Maliciously conspired directly with AXELROD and AXELROD LAW by coordinating and executing the following unlawful acts with AXELROD: (1) two unlawful attempts to arrest GONZALEZ; (2) two instances of false imprisonment; (3) one instance of unlawful detainment for four days after being ordered released from Cook County Jail by the assigned Circuit Court Judge; (4) The entry of several unlawful body attachments which wrongfully restricted GONZALEZ's freedom for over nine months; (5) the fabrication of a rule to show cause and the obtaining of a body attachment based on that non-existent rule to show cause after the relevant case was dismissed with prejudice; and (6) an attempt to extort GONZALEZ into signing a release/settlement agreement.

i.  Significantly, even though BPNA and its Counsel are well aware of the allegations against them, (including a lis pendens, lien, and Amicus Curiae, and Order from Judge White) BPNA, in an apparent attempt to circumvent or decrease any potential or possible liability has begun to sell its assets in Illinois, Florida and California, once again, in gross violation of the Illinois Uniform Fraudulent Transfer Act. The aforesaid sales were concealed from the Plaintiff's and from the court.

## UNLAWFUL / OVERT ACTS COMMITTED BY AXELROD AND AXELROD LAW

17.  As stated previously, BPNA and C&T LAW intentionally and unlawfully conspired directly with AXELROD and AXELROD LAW in furtherance of the present CIVIL CONSPIRACIES, but mainly in furtherance of their scheme to: (1) conceal and cover-up the present civil conspiracies; (2) forcibly silence and deprive GONZALEZ of his civil rights; and (3) unlawfully cause the statutes of limitations to expire.

18.  Moreover, previously, AXELROD on behalf of his client, intentionally filed a fraudulent breach of contract/account stated lawsuit against GONZALEZ, in Violation of Supreme Court rule 137 and the Illinois Rules of Professional Conduct. However, Although GONZALEZ

had filed an appearance and had denied the primary allegations of that Complaint, after which a first status date was set by the Court, AXELROD, went before the Court and obtained an Ex-Parte Default Judgment against GONZALEZ, by setting a Motion for a Default Judgment only approximately ten business days after GONZALEZ had filed his appearance and nearly a month before the first status date was set by the Circuit Court Clerk's Office, of which AXELROD was indisputably aware. On that same day, AXELROD also apparently conducted an Ex-Parte Prove-Up hearing, then struck the first status date and then also struck the case from the call.

19.    BPNA subsequently conspired with AXELROD and AXELROD LAW in furtherance of that fraudulent lawsuit with the intent to further the CIVIL CONSPIRACIES, in question.

20.    AXELROD subsequently committed various additional, unlawful and fraudulent acts against GONZALEZ and GONZALEZ RESTAURANT, in direct collusion with BPNA, C&T LAW and others, in furtherance of the present CIVIL CONPIRACIES, including but not limited to the following acts:

a.    AXELROD intentionally aided his client in the commission of various torts including fraud pursuant to which a triple recovery for certain furniture items was obtained against GONZALEZ. This is evident due to the fact that AXELROD: (1) was indisputably aware that he (AXELROD) had filed a fraudulent case against GONZALEZ; (2) knowingly obtained a monetary judgment against GONZALEZ on that fraudulent claim; and (3) was indisputably aware that his client had already unlawfully removed the subject items from GONZALEZ COMMERCIAL CONDO before GONZALEZ filed his first motion to vacate the fraudulent lawsuit.

b.    Thereafter, AXELROD intentionally committed at least seven (7) instances of "Fraud Upon the Court" during the adjudication of seven motions which GONZALEZ filed to dismiss the case and vacate the Default Judgments against him. During the presentation of said motions, AXELROD each time intentionally misled the Court, as he mis-represented, concealed and suppressed material information and each time failed to vacate the judgment, which he legally was required to do.

c.  Significantly, AXELROD maliciously conspired directly with BPNA and C&T LAW, and spearheaded the effort to effectuate: (1) two unlawful attempts to arrest GONZALEZ; (2) two instances of false imprisonment; (3) one instance of unlawful detainment after GONZALEZ was ordered released from Cook County Jail; and (4) several instances of obtaining body attachments without any legal basis which wrongfully restricted GONZALEZ's freedom for over 9 months. Significantly, the dates for the two unlawful attempts to arrest GONZALEZ and the two dates when GONZALEZ was arrested, were dates coordinated by C&T LAW, BPNA, and AXELROD, which maliciously required GONZALEZ to appear in two separate Courtrooms at the same time.

d.  AXELROD also fabricated a "rule to show cause" against GONZALEZ. Thereafter, AXELROD'S own client: (1) fired AXELROD; (2) summited two affidavits exposing all of the CIVIL CONPIRACIES described in this Complaint as well as the egregious misconduct and fraudulent acts by AXELROD; and (3) then dismissed the case against GONZALEZ with prejudice and vacated all judgments against GONZALEZ.

e.  Thereafter, two months after the case against GONZALEZ was dismissed with prejudice: (1) AXELROD obtained another fraudulent body attachment against GONZALEZ; and (2) attempted to extort GONZALEZ on two occasions by proffering a settlement agreement letter to GONZALEZ, which would have completely absolved AXELROD (and possibly the rest of the CO-CONSPIRATORS) of any wrong doing in all matters and which threatened to have GONZALEZ arrested if GONZALEZ did not agree to sign the letter.

## II.   THE PARTIES

### A.   Plaintiffs

21.   Plaintiff ANASTACIO GONZALEZ (herein "GONZALEZ") is a resident of Cook County, Illinois. Plaintiff, ANASTACIO GONZALEZ, is a male Latino individual who owned and resided in Residential Condominium Unit 4 located on the fourth floor of the Subject Property at 1700 W. Division, Chicago Illinois, 6022.  Plaintiff ANASTACIO GONZALEZ, through his company, MOMO Enterprises, also owned Commercial Condominium Unit 1, located on the first floor of the Subject Property.   Plaintiff ANASTACIO GONZALEZ subsequently opened a Restaurant on October, 2008 in Commercial Condominium Unit 1 named Plaza Lounge LLC.

22.   Plaintiff MOMO ENTERPRISES LLC, (herein "GONZALEZ COMMERCIAL CONDO") is a dissolved limited liability company organized under the laws of Illinois, and with its principal place of business in the State of Illinois. MOMO is the former owner of the commercial space unit 1, located 1700 W, Division unit #1, Chicago Il, 60622.

23.   Plaintiff PLAZA LOUNGE LLC, a restaurant, (herein "GONZALEZ RESTAURANT") is a dissolved limited liability company organized under the laws of Illinois, with its principal place of business in, the State of Illinois.  PLAZA is the former lease holder of commercial space unit 1 located 1700 W, Division, Chicago Il, 60622.

### B.   Defendants

24.   On information and belief, at all times relevant hereto, Defendant POPULAR, INC., doing business as POPULAR COMMUNITY BANK aka BANCO POPULAR NORTH AMERICA in the United States, is a financial services conglomerate that has been operating in Puerto Rico for almost 120 years and in the United States for over 52 years. Defendant Popular,

through its subsidiaries, offers a range of retail and commercial banking products and services in Puerto Rico and the United States.

25. On information and belief, at all times relevant hereto, Defendant POPULAR COMMUNITY BANK (herein "PCB BANK") aka BANCO POPULAR NORTH AMERICA a subsidiary of POPULAR, INC., a Puerto Rico Corporation, was and is a national bank organized and existing under the laws of the United States with a branch office located at 9600 W. Bryn Mawr, Rosemont Illinois, 60018, PCB BANK is a member bank of the Federal Reserve System and an insured depository institution of the Federal Deposit Insurance Corporation (FDIC).

71. (a) On information and belief, at all times relevant hereto, Defendant WILLIAM D. BOLSEN, JR. (herein "BOLSEN") was and is the Vice President of PCB BANK. As a Vice President he approved the loan for MOMO.

72. (b) On information and belief, at all times relevant hereto, Defendant THOMAS H. HORN (herein "HORN") was the Assistant Vice President/Loan Workout Officer of PCB BANK.

73. On information and belief, at all times relevant hereto, Defendant CHUHAK & TECSON, P.C. (#70693)("C&T LAW"), located 30 South Wacker Drive, Suite 2600 Chicago, Illinois 60606-7512 is and was a professional corporation law firm organized under the laws of Illinois, and with its principal place of business in, the State of Illinois. C&T LAW were the attorneys for PCB BANK and JOHN LEYDON and against GONZALEZ, MOMO and PLAZA. As a law firm they filed a Mortgage Foreclosure suit (Case No. 10 CH 02403) on behalf of PCB BANK

74. (a) On information and belief, at all times relevant hereto, Defendant TERENCE GERONA TIU, is and was an attorney at the law firm of CHUHAK & TECSON, P.C.

("C&T"), and has been licensed to practice law in the State of Illinois since May 4, 2000. As a member of C&T he was the main attorney representing PCB BANK and JOHN LEYDON (Case No 10 CH 02403) and against GONZALEZ, MOMO and PLAZA.

75.    (b)    On information and belief, at all times relevant hereto, Defendant JOSHUA SIDNEY HYMAN is a Principal with CHUHAK & TECSON, P.C. ("C&T"), and has been licensed to practice law in the State of Illinois since November 9, 1989. As a member of C&T he filed the initial mortgage foreclosure complaint (Case No 10 CH 02403) for PCB BANK and against GONZALEZ, MOMO.

76.    (c)    On information and belief, at all relevant times hereto, Defendant DANIEL JOSEPH FUMAGALLI, is an attorney at the law firm of CHUHAK & TECSON, P.C. ("C&T"), and has been licensed to practice law in the State of Illinois since November 1, 1982. As a member of C&T he has appeared as substitute counsel on matters on behalf of PCB BANK and JOHN LEYDON (Case No 10 CH 02403) and against GONZALEZ, MOMO and PLAZA.

77.    (d)    On information and belief, at all times relevant hereto, Defendant EDMOND MICHAEL BURKE is a Principal at the law firm CHUHAK & TECSON, P.C. ("C&T"), and has been licensed to practice law in the State of Illinois since May 9, 2002. As a member of C&T he filed the initial mortgage foreclosure complaint (Case No 10 CH 02403) for PCB BANK and against GONZALEZ and MOMO.

78.    (e)    On information and belief, at all times relevant hereto, Defendant KARA ALLEN, is an attorney at the law firm of CHUHAK & TECSON, P.C. ("C&T"), and has been licensed to practice law in the State of Illinois since November 6, 2003. As a member of C&T she has appeared as substitute counsel on matters on behalf of PCB BANK (Case No 10 CH 02403) and against GONZALEZ, MOMO and PLAZA.

79.    (f)    On information and belief, at all times relevant hereto, Defendant JACQUELYN T. VENGAL, is an attorney at the law firm of CHUHAK & TECSON, P.C. ("C&T"), and has been licensed to practice law in the State of Illinois since November 6, 2003. As a member of C&T she has appeared as substitute counsel on matters on behalf of PCB BANK (Case No 10 CH 02403) and against GONZALEZ, MOMO and PLAZA.

80.    (g)    On information and belief, at all times relevant hereto, Defendant SARAH KATHLEEN LASH, is an attorney at the law firm of CHUHAK & TECSON, P.C. ("C&T"), and has been licensed to practice law in the State of Illinois since November 5, 2009. As a member of C&T she has appeared as substituted counsel on matters on behalf of PCB BANK (Case No. 02403) and against GONZALEZ, MOMO and PLAZA.

81.    On information an belief, at all times relevant times hereto, Defendant PEAK PROPERTIES LLC ("PEAK") located at 2201 W. Roscoe Chicago, Illinois 60618 is a limited liability corporation organized under the laws of, and with its principal place of business in, the State of Illinois. It was formed on December 3, 1999 and its registered agent of record is Lawrence J. Feller, 500 West Madison Street Suite 3700, Chicago Illinois 60661. As the simultaneous receiver and agent of PCB BANK, PEAK posted a bond as a receiver, served a Five Day Landlord Notice to PLAZA and then oversaw the eviction of PLAZA as PCB BANK property manger from the commercial space located at 1700 West Division unit #1, Chicago, Illinois 60622.

82.    (a)    On information and belief, at all times relevant hereto, Defendant MICHAEL L. ZUCKER is the president of PEAK. As a member of PCB BANK he served a Five Day Landlord notice to PLAZA and oversaw the eviction of PLAZA.

83. On information and belief, at all times relevant hereto, Defendant ROBERT S. STONE is an adult Caucasian individual who owns and resides in unit #2 at the condominium property located at 1700 West Division Street, Unit #2, Chicago, Illinois 60622.

84. On information and belief, at all times relevant hereto, Defendant DAVID BALL (herein "BALL") is an adult in Caucasian individual who owns and resides in unit #3 at the condominium property located at 1700 West Division Street, Unit #3, Chicago, Illinois 60622.

85. On information and belief, at all times relevant hereto, Defendant JENNIFER CIRAR (herein "CIRAR") is an adult Caucasian individual who owns and resides/resided in unit #3 at the condominium property located at 1700 West Division Street, Unit #3, Chicago, Illinois 60622.

86. On information an belief, at all times relevant hereto, DIVISION POINT TERRENCE CONDO ASSOCIATION (herein "DPT CONDO") was granted the authority to administer the property located at 1700 W. Division Street Chicago IL, 60622 units #2, 3 and 4 pursuant to a declaration of condominium filed with Illinois Secretary of State.

87. (a) On information and belief, at all times relevant hereto, Defendant DAVID BALL was President of DPT CONDO.

88. (b) On information and belief, at all times relevant hereto, Defendant ROBERT S. STONE was secretary of DPT CONDO.

89. On information and belief, at all times relevant hereto, Defendant BROTSCHUL POTTS LLC, 230 West Monroe Street Suite 230, Chicago, Illinois 60606, filed the initial complaint for DPT CONDO and against GONZALEZ for assessments $6,401.04. They withdrew their appearance on 1-19-11.

90. .

91.     On information and belief, at all times relevant hereto, Defendant Kovitz, Shifrin & Nesbit 750 Lake Cook Road, Suite 350, Buffalo Grove, Illinois 60089, law firm for DPT CONDO, took over for BROTSCHUL POTTS LLC.

92.     On information and belief, at all times relevant hereto, Defendant JOHN LEYDON ("LEYDON") is an adult individual who owns the commercial property located at 1700 West Division Street, unit #1, Chicago, Illinois 60622. LEYDON had obtained the commercial space from PCB BANK through a Special Warranty Deed and used Chicago Title & Trust Co. ("CT&TC") for title insurance.

93.     On information and belief, at all times relevant hereto, Defendant 1700 W. DIVISION, LLC, is a limited liability company organized under the laws of, and with its principal place of business in, the State of Illinois. It was formed on December 1, 2011 and its agent of record is JEFFREY E. ROCHMAN. Its principal office is located at 1743 West Division Suite 300, Chicago, Illinois 60622. 1700 W. DIVISION, LLC obtained a mortgage from LAKESIDE BANK as to unit #1 and leased the commercial property to 1700 W. DIVISION OPERATING LLC dba CARRIAGE HOUSE ("CARRIAGE").

94.     (a)     On information and belief, at all times relevant hereto, Defendant JOHN LEYDON ("LEYDON") is a managing member of 1700 W. DIVISION LLC.

95.     (b)     On information and belief, at all times relevant hereto, Defendant KATE LEYDON is a managing member of 1700 W. DIVISION OPERATING LLC.

96.     On information and belief, at all times relevant hereto, Defendant JEFFREY EARL ROCHMAN & ASSOCIATES, LTD, 55 West Monroe Street, Suite 3950, Chicago, Illinois 60603, is a lawfirm who handled the loan transaction between LEYDON and PCB BANK. They also handled the Quit Claim Deed and its Corrected Legal Description Quit Claim Deed between

LEYDON and 1700 W. DIVISION LLC, and also sent a letter to GONZALEZ representing STONE related to unit #1 commercial space.

97. On information and belief, at all times relevant hereto, Defendant DAVID J. AXELROD & ASSOCIATES ("DJA&A"), 1448 Old Skokie Road, Suite C Highland Park, IL 60035 is a law firm organized under the laws of, and with its principal place of business in, the State of Illinois. Its incorporation date of January 31, 1997, its registered agent is DAVID JAY AXELROD ("AXELROD") who lists the same address.

98. (a) On information and belief, at all times relevant hereto, Defendant DAVID JAY AXELROD ("AXELROD"), is a Principal/President at DJA&A.

99. On information and belief, at all times relevant hereto, Defendant David Jay Axelrod ("AXELROD"), is an adult individual who resides in the State of Illinois, and has been licensed to practice law in the State of Illinois since May 1, 1980.

100. On information and belief, at all times relevant hereto, 1700 W DIVISION OPERATING LLC, dba CARRIAGE HOUSE ("CARRIAGE"), is a limited liability company organized under the laws of, and with its principal place of business in, the State of Illinois. Its registered agent is JEFFREY LAWRENCE BRAND. 1700 W DIVISION OPERATING LLC dba CARRIAGE HOUSE ("CARRIAGE") is the tenant of the commercial space located 1700 West Division unit #1, Chicago Illinois, 60622.

101. On information and belief, Defendants JOHN DOES 1 through 10 are individuals whose names and addresses of residences are unknown.

## III.   JURISDICTION AND VENUE

127.   The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

128.   Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is residents of Illinois, whereas the PCB BANK Defendant is a subject of foreign states and because the value of the matter in controversy exceeds $75,000.

129.   Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred in the Northern District of Illinois. The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

130.   This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because the claims asserted arise under the Constitution and laws of the United States.

131.   Venue lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 because at least one of the Defendants resides in the Northern District of Illinois, and a substantial part of the events or omissions giving rise to the claims occurred in this District. Further, there are common questions of law and fact with regard to all Defendants.

**IV.** **TOLLING OR NON-ACCRUAL OF STATUTES OF LIMITATION**

**A.** **There Are No Statutes Of Limitations Due The Fact That All Actions Stemmed From A Void Order As A Result Of Fraud Upon The Court, a Violation of Due Process And A Lack Of Subject Matter Jurisdiction.**

**B.** **The CO-CONSPIRATORS Committed Egregious Instances of Fraudulent Concealment (Equitable Estoppel)**

**C.** **The CO-CONSPIRATORS Committed various instances of Extraordinary Oppressive Acts (Tolling by Duress)**

### CLAIMS FOR RELIEF BY ANASTACIO GONZALEZ

### CLAIMS FOR RELIEF BY GONZALEZ RESTAURANT (COUNTS BELOW TO BE DUPLICATED FOR GONZALEZ RESTAURANT

### CLAIMS FOR RELIEF BY GONZALEZ COMMERCIAL CONDO (COUNTS BELOW TO BE DUPLICATED FOR GONZALEZ COMMERCIAL CONDO)

### COUNT I
### FRAUD UPON THE COURT
(GONZALEZ v. STONE, BALL, CIRAR – Randy Gold should have known that he was ion breach of contract, etc.)

26.  Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

27.  The aforesaid Fraud, as described more fully above, was perpetrated by an officer of the court.

28.  The fraud was intentionally false, willfully blind to the truth, or in reckless disregard for the truth.

29.  The fraud was directed at the judicial machinery, deceived the court, and prevented the judicial machinery from performing in the usual manner its impartial task of adjudging cases that were presented for adjudication.

30.  As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

31.  False representations made to the court during summary judgment proceedings regarding discovery amount to fraud on the tribunal. In re Ingersoll, 710 N.E.2d 390, 766-67 (Ill. 1999).

32.     Defendants' frauds and other misconduct upon the public and the judiciary for their financial benefit is reprehensible, unconscionable, outrageous and demands serious punitive damages to deter Defendants from further harming the public and deceiving the judiciary.

33.     Pursuant to the Fifth Article of Amendment to our Federal Constitution, the Plaintiff cannot seek to obtain non-judicial remedies, thereby circumventing the due process requirements as guaranteed under the Fifth Amendment, by way of the Fourteenth Amendment. The Supreme Court also reaffirmed the right to enjoy private property and not be deprived of it without due process of law in Lynch v. Household Finance Corp.; 405 US 538 (1972). The Plaintiff is proceeding as if rights were waived. I have never waived any rights in this matter, knowingly, intelligently or voluntarily, including my right to judicial due process, please see Brady v US; 397 US 742 at 748. In addition, the Northwest Ordinance of 1787, in Article Two, requires that no one can be deprived of liberty or property without due process of law

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

161.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

162.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

Exemplary damages, interest, costs and attorney fees

## COUNT I
## FRAUD UPON THE COURT
(PLAZA LOUNGE v. PCB and C&T)

34.     Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

35.     The aforesaid Fraud, as described more fully above, was perpetrated by an officer of the court.

36.     The fraud was intentionally false, willfully blind to the truth, or in reckless disregard for the truth.

37.     The fraud was directed at the judicial machinery, deceived the court, and prevented the judicial machinery from performing in the usual manner its impartial task of adjudging cases that were presented for adjudication.

38.     As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

39.     False representations made to the court during summary judgment proceedings regarding discovery amount to fraud on the tribunal. In re Ingersoll, 710 N.E.2d 390, 766-67 (Ill. 1999).

40.     Defendants' frauds and other misconduct upon the public and the judiciary for their financial benefit is reprehensible, unconscionable, outrageous and demands serious punitive damages to deter Defendants from further harming the public and deceiving the judiciary.

41.     Pursuant to the Fifth Article of Amendment to our Federal Constitution, the Plaintiff cannot seek to obtain non-judicial remedies, thereby circumventing the due process requirements as guaranteed under the Fifth Amendment, by way of the Fourteenth Amendment. The Supreme Court also reaffirmed the right to enjoy private property and not be deprived of it without due process of law in Lynch v. Household Finance Corp.; 405 US 538 (1972). The Plaintiff is proceeding as if rights were waived. I have never waived any rights in this matter, knowingly, intelligently or voluntarily, including my right to judicial due process, please see Brady v US; 397

US 742 at 748. In addition, the Northwest Ordinance of 1787, in Article Two, requires that no one

can be deprived of liberty or property without due process of law

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO

GONZALEZ, respectfully requests the following relief from this court:

323. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

324. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

325. Exemplary damages, interest, costs and attorney fees

## COUNT II
## FRAUD UPON THE COURT
(GONZALEZ v. PCB and C&T)

164. Plaintiff reasserts and incorporates herein by reference the allegations made in all

previous paragraphs, inclusive as if though fully set forth herein.

165. Defendants made these materially false and misleading statements and omissions

with the intent of concealing their fraudulent actions from Defendants and the Courts

166. As a direct and proximate result of Defendants' material omissions and fraudulent

misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but

which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO

GONZALEZ, respectfully requests the following relief from this court:

329. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

**Page 29 of 150**

330. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

331. Exemplary damages, interest, costs and attorney fees

## COUNT III
## FRAUD UPON THE COURT
(MOMO ENTERPRISES v. PCB and C&T)

Motion for default judgment and entry of foreclosure says I didn't respond.

170. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

171. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

172. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

335. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

336. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

337. Exemplary damages, interest, costs and attorney fees

## COUNT III
## FRAUD UPON THE COURT
(MOMO ENTERPRISES v. PCB and C&T) wrong pin, legal, etc.

176. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

177. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

178. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## **PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

341. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

342. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

Exemplary damages, interest, costs and attorney fees

## **COUNT III**
## **FRAUD UPON THE COURT**

(MOMO ENTERPRISES v. PCB and C&T) they served me through the secretary of state,

alleging that they had done there due diligence in attempting to find me. Although they knew

who I was.

182. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

183. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

184.    As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

### PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

346.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

347.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

Exemplary damages, interest, costs and attorney fees

### COUNT III
### VIOLATION OF DUE PROCESS
(MOMO ENTERPRISES v. PCB and C&T)

188.    Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

189.    Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

190.    As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

### PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

351.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

352.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

Exemplary damages, interest, costs and attorney fees

## COUNT IV
## FRAUD

194.    Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

195.    Fraud may include "anything calculated to deceive and may consist of a single act, a single suppression of truth, suggestion of falsity, or direct falsehood, innuendo, look or gesture." Miller v. William Chevrolet/Geo, Inc., 762 N.E.2d 1,7 (Ill. App. CT. 2001).

196.    As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

357.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

358.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

359.    Exemplary damages, interest, costs and attorney fees

## COUNT IV
## RACIAL DISCRIMINATION
(GONZALEZ v. STONE, BALL, CIRAR)

200.    Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

201.    Leydon told STONE to buy condominium unit 2 with the intent drowning GONZALEZ in legal debt and later taking over the commercial space.

202.    As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

363.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

364.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

365.    Exemplary damages, interest, costs and attorney fees

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(GONZALEZ v. STONE, BALL, CIRAR)

206.    Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

207.    The acts and conduct of the Defendants as set forth in this complaint, were extreme and outrageous. The Defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged in this complaint.

208.    Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff, and thereby constituted intentional infliction of emotional distress.

209.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the right of others.

210.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

211.    As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

373.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

374.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

375.    Exemplary damages, interest, costs and attorney fees

## COUNT V

## BREACH OF CONTRACT
### (PLAZA LOUNGE v. STONE, BALL and CIRAR)

215.    Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

216.    Plaintiffs entered into an agreement with Defendants, pursuant to which they agreed... Defendants further agreed...

217.    The valid, binding and enforceable Agreement sets forth the relevant rights and obligations of Defendants and Plaintiffs with respect to their contractual business relationship.

218.    In addition, the Agreement contains an implied covenant of good faith and fair dealing. That covenant requires Defendants to act towards Plaintiffs in an Agreement in such a manner as to evade its obligations under the Agreement, or deprive Plaintiff of its rights and expected benefits under the Agreement or to insure gains …

219.    At all pertinent times, Plaintiffs have fully performed its obligations under the Agreement, and has adhered to all terms of the Agreement.

220.    Defendants have materially breached the Agreement and/or the covenant of good faith and fair dealing by its acts, practices, and omissions described above.

221.    As a direct and proximate result of Defendants' breach of contract, and/or the covenant of good faith and fair dealing, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

383.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

384.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

385.    Exemplary damages, interest, costs and attorney fees

## COUNT VI

## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP AND/OR EXPECTANCY (CUSTOMERS)
(PLAZA LOUNGE v. STONE, BALL, CIRAR, PCB, PEAK PROPERTIES)

225.     Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

226.     Plaintiff had an advantageous business relationship and/or expectancy with patrons of his restaurant.  This business relationship and/or expectancy had a reasonable likelihood of future economic benefit for Plaintiff.

227.     Defendants knew of this advantageous business relationship and/or expectancy.

228.     Defendants intentionally interfered with Plaintiff's relationship and/or expectancy Defendant's intentional interference was wrongful because said interference was meant to drown GONZALEZ in legal debt in an attempt to defraud him of his personal and real property, etc.

229.     Defendant's action were intended to, and did, interfere with the business relationship and/or expectancy, causing their breach, disruption, or termination.

230.     Defendants' tortious interference has resulted in damages to Plaintiffs' relationship and expectancy.

231.     As a direct and proximate result of Defendant's wrongful interference, Plaintiff has suffered and continues to suffer damages in lost profit, past, present, and future, depression, loss of standing in the community and among Plaintiffs peers and family, emotional and physical distress, mental and physical anguish, humiliation and embarrassment and the physical manifestation thereof, and will so suffer in the future.

232.     As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## **PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

395. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

396. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

397. Exemplary damages, interest, costs and attorney fees

## COUNT VI
## TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP (PLAZA LEASE)
### (PLAZA LOUNGE v. STONE, BALL, CIRAR, PCB, PEAK PROPERTIES)

236. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

237. Plaintiff had a contract (Plaza Lease) and had maintained an advantageous business relationship. This business relationship and/or expectancy had a reasonable likelihood of future economic benefit for Plaintiff.

238. Defendants knew of this contract and advantageous business relationship as evidenced by documented emails, official documents and public records. Specifically, Defendants have indicated their knowledge, etc.

239. Defendants intentionally interfered with Plaintiff's Contract and Contract.

240. Defendants intentional interference was wrongful

241. Defendant's tortious interference and actions were intended to, and did, interfere with Defendants contract relationship, business relationship and/or expectancy, causing their breach, disruption, or termination.

242. Defendant's tortious interference has resulted in damages to Plaintiffs' relationship and expectancy.

243. As a direct and proximate result of Defendant's wrongful interference, Plaintiff has suffered and continues to suffer damages in lost profit, past, present, and future, depression, loss of standing in the community and among Plaintiffs peers and family, emotional and physical distress, mental and physical anguish, humiliation and embarrassment and the physical manifestation thereof, and will so suffer in the future.

244. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

245. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

408. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

409. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

410. Exemplary damages, interest, costs and attorney fees

### COUNT VI

### TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP (LIQUOR DEPARTMENT, GARBAGE COMPANY, ETC.)
(PLAZA LOUNGE v. STONE, BALL, CIRAR, PCB, PEAK)

249. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

250. Plaintiff had a contract (Plaza Lease) and had maintained an advantageous business relationship. This business relationship and/or expectancy had a reasonable likelihood of future economic benefit for Plaintiff.

251. Defendants knew of this contract and advantageous business relationship as evidenced by documented emails, official documents and public records. Specifically, Defendants have indicated their knowledge, etc.

252. Defendants intentionally interfered with Plaintiff's Contract and Contract relationship.

253. Defendants intentional interference was wrongful.

254. Defendant's tortious interference and actions were intended to, and did, interfere with Defendants contract relationship, business relationship and/or expectancy, causing their breach, disruption, or termination.

255. Defendant's tortious interference has resulted in damages to Plaintiffs' relationship and expectancy.

256. As a direct and proximate result of Defendant's wrongful interference, Plaintiff has suffered and continues to suffer damages in lost profit, past, present, and future, depression, loss of standing in the community and among Plaintiffs peers and family, emotional and physical distress, mental and physical anguish, humiliation and embarrassment and the physical manifestation thereof, and will so suffer in the future.

257. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

258.    As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

421.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

422.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

423.    Exemplary damages, interest, costs and attorney fees

## COUNT V

## MALICIOUS ABUSE OF PROCESS
(PLAZA LOUNGE, GONZALEZ v. STONE, BALL, CIRAR, PCB)

262.    Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

263.    Defendant's filed a frivolous lawsuit alleging noise complaints, which said lawsuit was in blatant breach of contract.

264.    As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

427.  That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

428.  Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

429.  Exemplary damages, interest, costs and attorney fees

## COUNT VII

### WRONGFUL FORECLOSURE
(MOMO, PLAZA, GONZALEZ v. PCB, C&T)

268.  Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

269.  The Law Offices of Chuhak & Tecson, P.C., Popular Community Bank and other Joint Venturers have completed a foreclosure against the Plaintiffs, in violation of law.

270.  The wrongful foreclosure proceeding by Defendants was negligent, wanton or intentional depending on proof adduced at trial.

271.  The initiation and maintenance of the foreclosure proceeding by the Law Offices of Chuhak & Tecson, P.C., Popular Community Bank and other Joint Venturers was either in negligent or wanton, depending on proof adduced at trial.

272.  As a result the Defendants and Joint Venturers Wrongful Foreclosure, the Plaintiffs have been injured and damaged in that the Plaintiffs have lost their home and business resulting in financial and emotional damages including mental anguish.

273.  As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

### PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

436. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

437. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

438. Exemplary damages, interest, costs and attorney fees

## COUNT VIII
## SLANDER OF TITLE
### (MOMO, PLAZA, GONZALEZ v. ALL DEFENDANTS)

277. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

278. PCB, in filing and or playing a role in the filing of a foreclosure deed (which is void) has caused a cloud to be placed on the title of the property of Plaintiffs.

279. As a direct and proximate result of PCB and Chuhak & Tecson slandering of Plaintiffs' title, Plaintiffs were caused to suffer damages in an amount to be determined at trial, but which is not less than $4,000,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

442. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

443. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

444. Exemplary damages, interest, costs and

## COUNT VIII
## VIOLATION OF THE SHERMAN ACT (BID RIGGING)
### (MOMO, PLAZA, GONZALEZ v. ALL DEFENDANTS)

283.    Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

**Background**

269.    When Illinois homeowners default on their mortgages, the lender or loan servicer can institute foreclosure proceedings through a non-judicial or judicial public foreclosure auction. At the auction, an auctioneer sells the property to the bidder offering the highest purchase price. Proceeds from the sale are then used to pay off the mortgage and other debt attached to the property. Proceeds remaining from the sale are then paid to the homeowner. In the event of a bid-rigging scheme, the property is sold at a deep discount, thereby defrauding the homeowner of any remaining surplus and also thereby defrauding the IRS and government agencies, both state and federal, from the proper amount of taxes that should have been paid, had the property sold for the appropriate amount.

**Defendants and Co-Conspirators**

270.    During the period covered by this information, Defendant PCB was engaged in the business of banking, Defendant Chuhak & Tecson were engaged in the business of Legal Representation for PCB, and Peak Properties engaged in the business of functioning as agent and receiver for PCB.

271.    Various entities and individuals, not made Defendants in this Information, participated as co-conspirators in the offenses charged in this information and performed acts and made statements in furtherance of them.

272.     The Defendants are jointly and severably liable for the acts of their co-conspirators, whether named or not named as Defendants in this complaint.

273.     Each Defendant acted as the agent or joint venturer of or for other Defendants with respect to the acts, violation and common course of the conduct alleged by Plaintiff.

**Description of the Offense**

274.     Beginning as early as April 2006 and continuing until in the present time, the Defendants and co-conspirators entered into and engaged in a combination and conspiracy to suppress and restrain competition by rigging bids to obtain title to selected real estate offered at Chicago, Illinois public real estate foreclosure auctions in the Northern District of Illinois, in unreasonable restraint of interstate trade and commerce, in violation of the Sherman Act, Title 15, United States Code, Section 1.

275.     The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and co-conspirators to suppress competition by agreeing to refrain from or stop bidding against each other to obtain title to selected real estate offered at Illinois public real estate foreclosure auctions at non-competitive prices.

276.     The conspirators conspired to use the U.S. mail to carry out a fraudulent scheme to acquire title to rigged foreclosure properties sold at public auctions at artificially suppressed prices, to make and receive payoffs to co-conspirators, and to cause financial institutions, homeowners and others with a legal interest in rigged foreclosure properties to receive less than the competitive price for the properties. The conspirators participated in the bid-rigging and mail fraud conspiracies from as early as October 2004 until at least August 2007.

277.     "The conspirators subverted the competitive bidding process by engaging in a collusive scheme to artificially depress prices at real estate foreclosure auctions and to defraud

financial institutions and homeowners out of money and property," said Renata B. Hesse, Acting

Assistant Attorney General in charge of the Department of Justice's Antitrust Division. "Today's

guilty pleas send a strong message that the division is committed to prosecuting those who

fraudulently subvert competition for their own financial gain

278.    to suppress and eliminate competition by submitting non-competitive and collusive

bids at certain auctions.

279.

**Means and Methods of the Conspiracy**

280.    For the purpose of forming and carrying out the charged combination and

conspiracy, the Counter-Defendants and co-conspirators did those things that they combined and

conspired to do, including, among other things:

    a.  Promissory Note, Commercial Guaranty and

    b.  No lien on property

    c.  Racially discriminated against Defendants causing irreparable emotional distress

    d.  Executed a scheme to irreparably financiall harm Defendant to force Defendant into Default of his Loan.

    e.  Initiated and executed a wrongful foreclosure action

    f.  Executed a scheme to take control of the property by assigning a receiver to further damage Defendants, and carry-out tasks in an effort to ensure the goals of the conspirators.

    g.  Hid the sale of the property by utilizing an incorrect PIN, Legal Description and no Unit Number.  This in effect prevented or drastically reduced competitive bidding

    h.  Specifically "excepting" the commercial parking from the legal description to artificially depress the foreclosure price.

i.  Caused defects in the property to diminish the value of the property and in an effort to force others to refrain from bidding for the selected real estate at the public real estate foreclosure auctions and or bidding a market value amount

j.  Fraudulently Purchased the property at a Deep Discount.

k.  Materially altered and recorded the Judicial Sale Deed, in an effort to cover-up the fraud.

l.  Sold the property to the co-conspirators against the Illinois Uniform Fraudulent Transfer Act.

m.  Side-stepped a lis pendens wrongful foreclosure lawsuit and $1,500,000.00 Lien

n.  Aided and abetted the Co-Conspirators in a Mortgage Fraud Scheme, including theft of property, conversion, fraudulently representing clear and marketable title and first priority lien, utilized property for

281.  Executed an elaborate scheme to cover-up and conceal the fraud and threaten and oppress the Defendants in an effort to silence the Defendants, including physical harm, mis-use of pleadings, abuse of process, false imprisonment

**Trade and Commerce**

282.  During the period covered by this Information, the business activities of the defendant and co-conspirators that are the subject of this Information were within the flow of, and substantially affected, interstate trade and commerce. For example, mortgage holders located in states other than California received proceeds from the public real estate foreclosure auctions that were subject to the bid-rigging conspiracy.

**Antitrust Injury**

283.  The Plaintiffs have suffered and will suffer antitrust injury to their business or property by reasons of the continuation of this unlawful combination or conspiracy. The Defendants big rigging auction scheme has irreparably injured and will continue to injure Plaintiffs

by depriving them of the ability to work as restaurateurs, free from discrimination, in a free and open market.

284.     Monetary damages alone will not be adequate to compensate Plaintiffs for the irreparable harm they have and will continue to suffer, warranting permanent injunctive relief including but not limited to: (1) the immediate return of the subject commercial and residential real properties.

285.     As a direct result of Defendants' conspiracy, Plaintiffs have been irreparably injured in their business including real and personal property.

## FRAUDULENT CONCEALMENT

286.     Throughout and beyond the conspiracy, Defendants and their co-conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff. Defendants and their co-conspirators conducted there conspiracy in secret, concealed the true nature of their unlawful conduct and acts in furtherance thereof, and actively concealed their activities through various other means and methods to avoid detection.

287.     Plaintiff alleges that Defendants and their co-conspirators engaged in private meetings and communication in which they agreed to suppress the price, prevented competitive bidding, and ensure a fraudulent transfer to an insider. Red flag to potential competitors, prevented competitive bidding. Defendants and their co-conspirators agreed to conceal the unlawful activity during the class period. As such, they relentlessly, silence, half-truths, material omissions.

288.     Plaintiff did not discover, and could not have discovered through the exercise of reasonable diligence, that Defendants and their co-conspirators were violating the antitrust laws as alleged herein, until late 2012, when the successful bidder and insider fixed the legal description on the property.

As a result of the act of concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the allegations herein, have been tolled.

284.    Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

285.    As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

448.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

449.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

450.    Exemplary damages, interest, costs and

## COUNT IX
## BREACH OF CONTRACT
### (PLAZA v. PCB)

289.    Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

290.    1,500,000.00 lien, 5 day notice. Lis penden's

291.    Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

292.     As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

455.     That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

456.     Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

457.     Exemplary damages, interest, costs and

## COUNT X
## BREACH OF THE CONVENANT OF QUITE ENJOYMENT
(PLAZA v. ALL DEFENDANTS)

296.     Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

297.     Regardless of the legal status of the Lease, implied in every tenancy is an implied covenant entitling the tenant to quite enjoyment of the occupied premises.  By the acts and failures to act described in this complaint, Defendants have materially breached Plaintiffs right to quite enjoyment of the Restaurant and or Residence, and has thereby caused damages to Plaintiff that now exceed one billions dollars and is continuing.

298.     Plaintiffs have performed all obligations required of it to maintain its tenancy and to be entitled to quite enjoyment of the restaurant and/or residential premises except for those excused by Defendant's breaches.

299.    As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

**PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

461.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

462.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

463.    Exemplary damages, interest, costs and

## COUNT XI
**FRAUDULENT INCUCEMENT – COMMON LAW FRAUD**
(PLAZA v. PCB)

303.    Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

304.    Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts.

305.    PCB did not include PLAZA in the foreclosure. Further they acted at all relevant times as if they were going to honor the lease. PLAZA was damaged because in November they renewed their liquor license, which they knew about, and renovated the restaurant with a new identity and DBA, due the slander of the business which was a part of the conspiracy.

306.    As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO

GONZALEZ, respectfully requests the following relief from this court:

468. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

469. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

470. Exemplary damages, interest, costs and

## COUNT XI
## VIOLATION OF THE ILLINOIS FORECLOSURE STATUTE, 735/ILCS 5/15
### (PLAZA v. PCB)

310. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

311. At all times material herein, the Plaintiff held sole equitable possession of the Premises. The Plaintiff was a lawful occupant of the Premises.

312. The Plaintiff was injured as a direct and proximate result of the acts and omissions of the Defendants named in this Count.

313. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

314. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO

GONZALEZ, respectfully requests the following relief from this court:

474.     That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

475.     Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

Exemplary damages, interest, costs and

## COUNT XI
## WRONGFUL EVICTION OF PLAZA
### (PLAZA v. PCB)

318.     Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

319.     By doing the acts described in this complaint, Defendants have wrongfully evicted Plaintiffs from property the Lease entitle it to possess and use.  As a proximate result of such wrongful acts, Plaintiffs have suffered monetary damages that now exceed one billion dollars and are continuing.

320.     Defendants intended to cause injury to Plaintiffs by its wrongful acts and to harass and intimidate Plaintiffs into abandoning its rights to use and occupy the residential and/or commercial real properties.  Further, Defendants conduct was despicable and carried on with a willful and conscious disregard of the rights of others.  Therefore, Defendants acted with malice, entitling Plaintiffs to recover punitive damages against Defendants in an amount to proven at trial.

321.     As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

### PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

Page **53** of **150**

476. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

477. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

478. Exemplary damages, interest, costs and

## COUNT XI
## TRESPASS TO CHATTEL – ILLINOIS COMMON LAW
### (PLAZA v. PCB)

322. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

323. Under Illinois Law, it is unlawful to cause, with or without physical force, and injury to or interference with another's rightful possession of personal property.

324. Plaintiff owns and has a property right in the commercial space which includes imporements owned by the Plaintiff.

325. To carry out their unlawful possession of Plaintiffs real and personal property Defendants wrongfully, through the use of force and fraud and/or without authorization commited fraud, etc., thereby substaintially interfering with Defendant's rightful use and possession of the property.

326. As a result, Plaintiff's have suffered injury to its property including but not limited to loss of profits, enjoyment of the premises, loss of personal property, etc.

327. As a direct and proximate result of Defendants' trespass, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

**Page 54 of 150**

479. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

480. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

481. Exemplary damages, interest, costs and

## COUNT XII
## CONVERSION
### (PLAZA v. PCB, PEAK)

328. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

329. By executing the scheme described in this complaint, including but not limited to ? Defendants have wrongfully assumed unauthorized control of Plaintiffs property believed to be valued at over $ belonging to Plaintiffs.

330. Plaintiff has an absolute and unconditional right to, and is entitled to immediate possession of, the property, presently under the wrongful and unauthorized control of Defendants, and to property otherwise previously converted and/or disposed of.

331. On several occasions, including but not limited to ?, Plaintiffs demanded for the return of the subject property presently and previously under the wrongful and unauthorized control of Defendants.

332. Defendants have and had failed to comply with Plaintiffs demand for return of the subject property, presently and previously under Defendants wrongful and unauthorized control. Instead, Defendants had and have continued to exercise wrongful and unauthorized control and or destruction of the subject property.

333. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

334. As a direct and proximate result of Defendants' unauthorized and wrongful control of Plaintiffs subject property, Plaintiff has caused damages in an amount to be determined at trial, but which not less than $4,000,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

482. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

483. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

484. Exemplary damages, interest, costs and

## COUNT XIII
### SPOILATION OF EVIDENCE
(PLAZA, MOMO, GONZALEZ V. PCB, PEAK)

335. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

336. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

337. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

485. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

486. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

487. Exemplary damages, interest, costs and

## COUNT XIV
## ASSAULT AND BATTERY
(PLAZA v. LEYDON)

338. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

339. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

340. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the Defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

488. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

489. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

490. Exemplary damages, interest, costs and

## COUNT XV
## ASSAULT AND BATTERY – ILLINOIS BATTERY CLAIM
(PLAZA v. PCB, C&T, PEAK)

341. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

342. As described above, Defendants willfully, and wantonly, and without legal justification, used physical force upon Plaintiff.

343. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

344. As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered physical and emotional damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## **PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

491. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

492. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

493. Exemplary damages, interest, costs and

## COUNT XVI
## **VIOLATION OF THE UNIFORM FRAUDULENT TRANSFER ACT**
### PLAZA, GONZALEZ, MOMO, v. PCB

345. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

346. The transfer of the subject premises from PCB to Leydon, was made with the actual intent to delay, hinder, circumvent liability, conceal fraudulent and unlawful

347. Plaintiff brings this claim pursuant to the Illinois Uniform Fraudulent Transfer Act. As a defrauded member, Plaintiff is a tort "creditor" under the act.

348. At all relevant times, PCB was a "debtor" within the meaning of 740 ILCS 160/2 (c), (f), and (i).

349. At all relevant times, Plaintiff was a "creditor" within the meaning of 740 ILCS 160/2 (c), (d), and (i).

350. Defendants purchase of the subject premises, was a transfer within the meaning of 740 ILCS 160/2(1).

289. In transferring the subject premises and personal property contained therein, Defendants acted with actual intent to hinder, delay or defraud creditors within the meaning of 740 ILCS 160/5(a)(1).

290. Among other things, the following factors demonstrate Defendants' fraudulent intent and lack of good faith at the time of the transfer of the subject premises within the meaning of 740 ILCS 160/5:

291. Defendants received the benefit of a low deep discounted price in bad faith. In particular, Defendants knew that they paid well below fair value for the subject premises. Defendants caused, enticed and induced other Defendants to transfer the subject premises to Defendants with actual intent to hinder, delay, or defraud creditors.

292. The relevant party did not receive a reasonably equivalent value within the meaning of 740 ILCS 160/4, in exchange for the transfer of the subject premises

293. Further at the time of the transfer, the relevant parties engaged in a business (and/or transaction) for which its remaining assets were unreasonably small in relation to the business

(and/or transactions). In addition the relevant party intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

351. By participating in this fraudulent transfer, Defendants acted with reckless indifference and with willful and wanton disregard to Plaintiffs interests. Specifically, Defendants concealed this transaction and colluded to accomplish the sale of the subject premises well below fair alue.

352. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which is not less than $4,000,000.00 are.

353.

## **PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

494. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

495. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

496. Exemplary damages, interest, costs and

## **COUNT XVI**
## **VIOLATION OF THE UNIFORM FRAUDULENT TRANSFER ACT**
### **PLAZA, GONZALEZ, MOMO, v. LEYDON**

354. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

355. The transfer of the subject premises from PCB to Leydon, was made with the actual intent to delay, hinder, circumvent liability, conceal fraudulent and unlawful activity including theft, and/or defraud Plaintiffs as "creditors",

356. Plaintiff brings this claim pursuant to the Illinois Uniform Fraudulent Transfer Act. As a defrauded member, Plaintiff is a tort "creditor" under the act.

357. At all relevant times, PCB was a "debtor" within the meaning of 740 ILCS 160/2 (c), (f), and (i).

358. At all relevant times, Plaintiff was a "creditor" within the meaning of 740 ILCS 160/2 (c), (d), and (i).

359. Defendants purchase of the subject premises, was a transfer within the meaning of 740 ILCS 160/2(1).

294. In transferring the subject premises and personal property contained therein, Defendant Popular Community Bank acted with actual intent to hinder, delay or defraud creditors within the meaning of 740 ILCS 160/5(a)(1).

295. Among other things, the following factors demonstrate Defendants' fraudulent intent and lack of good faith at the time of the transfer of the subject premises within the meaning of 740 ILCS 160/5:

296. Defendants received the benefit of a low deep discounted price in bad faith. In particular, Defendants knew that they paid well below fair value for the subject premises. Defendants caused, enticed and induced other Defendants to transfer the subject premises to Defendants with actual intent to hinder, delay, or defraud creditors.

297. The relevant parties did not receive a reasonably equivalent value within the meaning of 740 ILCS 160/4, in exchange for the transfer of the subject premises

298.  Further at the time of the transfer, the relevant parties were engaged in a business (and/or transaction) for which its remaining assets were unreasonably small in relation to the business (and/or transactions).  In addition the relevant parties intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

360. By participating in this fraudulent transfer, Defendants acted with reckless indifference and with willful and wanton disregard to Plaintiffs interests.  Specifically, Defendants concealed this transaction and colluded to accomplish the sale of the subject premises well below fair alue.

361. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which is not less than $4,000,000.00 are.

362.

## **PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

497.  That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

498.  Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

499.  Exemplary damages, interest, costs and

## **COUNT XII**
## **CONVERSION – 2ND INSTANCE**
### (PLAZA v. PCB)

363. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

364. PCB sold the remaining PLAZA property through the fraudulent transfer via the special warranty deed.

365. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

366. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

500. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

501. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

Exemplary damages, interest, costs and

## COUNT XVII
## MORTGAGE FRAUD
(MOMO, PLAZA, GONZALEZ, v. LEYDON)

367. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

368. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

369. Represented clear and marketable title, pledged Plaza property, wrong legal description, etc.

370. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

502. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

503. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

504. Exemplary damages, interest, costs and

## COUNT XVII
## MAIL/WIRE FRAUD
(MOMO, PLAZA, GONZALEZ, v. LEYDON)

371. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

372. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

373. Represented clear and marketable title, pledged Plaza property, wrong legal description, etc.

374. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO

GONZALEZ, respectfully requests the following relief from this court:

505.  That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

506.  Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

507.  Exemplary damages, interest, costs and

## COUNT XVIII
## AIDING AND ABBETING IN THE COMMISION OF A TORT
### (PLAZA, MOMO, GONZALEZ v. PCB, C&T)

375. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

376. Defendant's Attorneys aided and abetted Defendant's in the commission of various torts including but not limited to; and engaging in the aforementioned unfair, deceptive and fraudulent acts and omission by performing certain wrongful acts that caused injury to the Plaintiffs.

377. Defendant's Attorneys were regularly aware of its role in the overall wrongful and tortious activity of Defendant's at the time it provided assistance to Defendants, and benefited therefrom.

378. Defendants knowingly and substantially assisted, aided and abetted Defendants in ie., breaching their fiduciary duties and engaging in the aforementioned unfair, deceptive, and fraudulent acts and omissions, and benefited personally therefrom, by, inter alia accepting diverted premium payments

379. The Plaintiffs have sustained substantial damages as a result of the wrongful and tortious conduct of these Defendants in the amount of at least one billion dollars.

380. The acts and omission of Defendants were malicious, willful, and wanton, and in utter disregard of the rights and interests of the Plaintiff's for which an award of punitive damages is warranted to deter these Defendants and others from engaging in similar conduct in the future.

381. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts.

382. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

508. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

509. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

510. Exemplary damages, interest, costs and

## COUNT XIX
## CONVERSION (3RD INSTANCE)
(PLAZA, GONZALEZ v. LEYDON)

383. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

384. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

385. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE,** for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

511.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

512.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

513.    Exemplary damages, interest, costs and

## COUNT XX
## MALICIOUS ABUSE OF PROCESS
(GONZALEZ, PLAZA, MOMO v. PCB, C&T)

386. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

387. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

388. Ulterior Purpose: Hinder and Delay GONZALEZ, Conceal the Fraud, Deprive him of his rights, run out statutes of limitations

389. Overt acts, frivolous sanctions motions.

390. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

514. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

515. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

516. Exemplary damages, interest, costs and

## COUNT XXI
## EXTORTION (UNLAWFUL INTIMIDATION)
(GONZALEZ, PLAZA, MOMO v. PCB, C&T, AXELROD)

391. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

392. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

393. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

517. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

518. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

519. Exemplary damages, interest, costs and

## COUNT XXI
## MALICIOUS ABUSE OF PROCESS
### (GONZALEZ, PLAZA, MOMO v. PCB, C&T, AXELROD)

394. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

395. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

396. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

520. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

521. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

522. Exemplary damages, interest, costs and

## COUNT XII
## MALICIOUS ABUSE OF PROCESS
### (GONZALEZ, PLAZA, v. AXELROD)

397. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

398. Defendants have misused the legal process, by initiating the above captioned matters, to accomplish a purpose outside the scope of the process itself. Due to the misapplication of process, the Plaintiffs have suffered arrest and seizure of property

399. Defendants have instituted these proceedings against Plaintiffs for an ulterior motive.

400. These proceedings have been brought against Plaintiffs by Defendants to:

   a. Force Plaintiffs to expend funds on litigation costs and Attorney's fees in multiple proceedings;

   b. To discourage opposition in Defendants action through delay and distractions, expire statutes of limitation, etc.; and

   c. To intimidate Plaintiffs.

401. Plaintiff committed various irregular acts including arrest and seizure, threats, intimidation, etc.

402. Plaintiff has been harmed directly by Plaintiffs conduct.

403. Defendants instituted these proceedings against Plaintiffs for improper and unlawful purposes. Defendants conduct in misusing legal process is being done willfully and maliciously with a wanton disregard.

404. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

523. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

524. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

525. Exemplary damages, interest, costs and

## COUNT XXIII
## MALICIOUS PROSECUTION
### (GONZALEZ, PLAZA v. AXELROD)

405. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

406. Defendants caused Plaintiffs to be improperly subjected to judicial / civil proceedings for which there was no probable cause. These judicial / civil proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

407. The Defendant's identified above accused Plaintiff of a fraudulent breach of contract scheme, alleging that Plaintiff owed Defendant $26, 251.12, knowing those accusations to be without probable cause, and they made statements to the courts with the intent of exerting influence to institute and continue the judicial proceedings.

408. Statements of the Defendants regarding Plaintiff's alleged culpability were made with knowledge that said statements were false and perjured. In so doing, the Defendant's fabricated evidence and withheld exculpatory information.

409. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

410. As a result of this misconduct, Plaintiff's sustained and continues to sustain, injuries including pain and suffering, arrest, seizure and interference of property.

411. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

526. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

527. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

528. Exemplary damages, interest, costs and

## COUNT XXIV
## FALSE ARREST (They had no cause to arrest me)
### (GONZALEZ, PLAZA v. AXELROD)

412. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

413. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

414. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

529. Expunge GONZALEZ arrest record;

530. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

531. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

532. Exemplary damages, interest, costs and

## COUNT XXV
### FALSE IMPRISONMENT (kept me over weekend and body attachments)
### (GONZALEZ, PLAZA v. AXELROD)

415. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

416. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, and within the scope of their employment, caused Plaintiff to be falsely imprisoned in violation of his constitutional rights.

417. As described above, Defendants unlawfully seized and detained Plaintiff GONZALEZ, or caused him to be detained, without probable cause, and without any other legal justification. With a warrant in bad faith?

418. As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

419. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs Constitutional Rights.

420. As a direct and proximate result of said misconduct, Plaintiff suffered iolations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

421. As a direct and proximate result of this violation, Plaintiff has suffered injuries and damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE,** for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

533. Expunge GONZALEZ arrest record;

534. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

535. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

536. Exemplary damages, interest, costs and

## COUNT XXVI
## INVASION OF PRIVACY
(GONZALEZ, PLAZA v. AXELROD)

422. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

423. The Defendants, their agents, contractors, and/or employees, seized the Plaintiff's property and possessions without permission or authorization during its foreclosure process and proceedings

424. The actions of the Defendants, their agents, contractors, and/or employees were done intentionally, willfully, wantonly, maliciously, recklessly and/or with gross disregard for Plaintiffs rights.

425. At all times material herein, the Defendants exercised control over the actions and conduct of Defendants, their agents, contractors, and/or employees.

426. The acts of the Defendants, their agents, contractors, and/or employees were such that a reasonable person would find them to be a substantial and serious interference in the Plaintiff's privacy.

427. At all times material herein, the Plaintiff was the lawful occupant of the Premises. The Plaintiff had a right to privacy in the Premises. The Plaintiff had a right to be free from unlawful intrusion into the Premises and into his home and a right to be free from unauthorized seizure and destruction of his property. Although the Plaintiff was not present in the Premises at the time of Defendants conduct, the Plaintiff had personal possessions and private papers containing personal information in the home.

428. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which is not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the Defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

537. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

538. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

539. Exemplary damages, interest, costs and

## COUNT XXVI
## WILLFUL AND WANTON CONDUCT
(GONZALEZ, PLAZA v. AXELROD)

429. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

430. The Defendants, their agents, contractors, and/or employees, entered into the Plaintiff's Premises without permission or authorization during its foreclosure process and proceedings.

431. The Defendants named in this Count, their agents, contractors, and/or employees wrongfully and without authorization from the Plaintiff, seized the Plaintiffs property form the premises and assumed dominion, ownership and control over his property. Said Defendants also unlawfully locked the Plaintiff out of the Premises and prevented the Plaintiff from his right to possession of the commercial real property and/or the possessions therein. Despite the Plaintiffs demands, his property was not returned.

432. At all times material herein, the Defendants excercised control oer the actions and conduct of (names).

433. The actions of the Defendants named in this Count and their agents, contractors and/or employees were done intentionally, willfully, wantonly, maliciously, recklessly and/or with gross disregard for the Plaintiffs rights.

434. The Plaintffs were damaged as a direct result of the actions of the Defendants named in this Count, their agents, contractors and/or employees.

435. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which is not less than $4,000,000.00 are.

## **PRAYER FOR RELIEF**

**WHEREFORE,** for the reasons stated above, the Defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

540.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

541.  Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

Exemplary damages, interest, costs and

## COUNT XXVII
## DEFAMATION
### (GONZALEZ, PLAZA v. AXELROD)

436. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

437. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

438. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

542.  That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

543.  Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

544.  Exemplary damages, interest, costs and

## COUNT XXVIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (GONZALEZ, PLAZA v. AXELROD)

439. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

440. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

441. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

545. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

546. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

547. Exemplary damages, interest, costs and

## COUNT XXIX
## FRAUD (DOUBLE RECOVERY, ORDERS PROCURED THROUGH FRAUD, MAIL FRAUD)
(GONZALEZ, PLAZA v. AXELROD)

442. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

443. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

444. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO

GONZALEZ, respectfully requests the following relief from this court:

548. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

549. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

550. Exemplary damages, interest, costs and

## COUNT XXX
## FRAUD UPON THE COURT
(GONZALEZ, PLAZA v. AXELROD)

445. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

446. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

447. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO

GONZALEZ, respectfully requests the following relief from this court:

551. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

552. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

553. Exemplary damages, interest, costs and

## COUNT XXXI

## PERJURY
### (GONZALEZ, PLAZA v. AXELROD)

448. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

449. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

450. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

### PRAYER FOR RELIEF

**WHEREFORE,** for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

554. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

555. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

556. Exemplary damages, interest, costs and

### COUNT XXXII
### CONVERSION
### (GONZALEZ, PLAZA v. AXELROD)

451. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

452. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

453. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

557. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

558. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

559. Exemplary damages, interest, costs and

## COUNT XXXIII
## AIDING AND ABETTING A CLIENT IN THE COMMISION OF A TORT (CONVERSION, DOUBLE RECOVERY)
(GONZALEZ, PLAZA v. AXELROD)

454. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

455. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

456. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

560. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

561. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

562. Exemplary damages, interest, costs and

### COUNT XXXIV
### MAIL/WIRE FRAUD
(GONZALEZ, PLAZA v. AXELROD)

457. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

458. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

459. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

### PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the Defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

563. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

564. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

565. Exemplary damages, interest, costs and

### COUNT XXXV
### FRAUD UPON THE COURT
(GONZALEZ v. DPT, KOVITZ NESIBIT SHIFRON)

460. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

461. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

462. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## **PRAYER FOR RELIEF**

**WHEREFORE,** for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

566. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

567. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

568. Exemplary damages, interest, costs and

## **COUNT XXXV**
## **FRAUD UPON THE COURT**
### (GONZALEZ v. DPT, BROTCHELL)

463. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

464. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

465. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO

GONZALEZ, respectfully requests the following relief from this court:

     569.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

     570.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

Exemplary damages, interest, costs and

## COUNT XXXVI
## FRAUD
### (GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY)

466. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

467. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

468. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO

GONZALEZ, respectfully requests the following relief from this court:

     571.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

     572.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

573. Exemplary damages, interest, costs and

## COUNT XXXVII
## **BREACH OF FIDUCIARY DUTY**
### (GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY)

469. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

470. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

471. As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## **PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

574. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

575. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

576. Exemplary damages, interest, costs and

## COUNT XXXX
## **PERJURY**
### (GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY, STONE, BALL)

1. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

2. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

3.      As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## COUNT XXXVIII – STATE LAW CLAIM
## ILLINOIS HATE CRIME ACT, 720 ILCS 5/2-7.1(C)
(GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY, STONE, BALL, CIRAR)

4.      Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

5.      In the manner described more fully above, the Defendants did commit one or more crimes upon Plaintiffs by reason of Plaintiffs race, thereby committing a hate crime as defined by Illinois statute.

6.      The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

7.      As a direct and proximate result of Defendants' hate crime, Plaintiff has suffered damages including but not limited to emotional distress in an amount to be determined at trial, but which is not less than $4,000,000.00.

8.      Note: Mixed Motive Cases – Causation "but for", a hate crime can be charged even if the underlying offense resulted from a mixture of discriminatory and non-discriminatory motives.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

Page **86** of **150**

577.   That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

578.   Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

579.   Exemplary damages, interest, costs and

## COUNT XXXIX – TITLE 42, U.S.C., SECTION 3631
### CRIMINAL INTERFERENCE WITH RIGHT TO FAIR HOUSING
(GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY)

9.   Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

10.   Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

11.   As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

### PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

580.   That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

581.   Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

582.   Exemplary damages, interest, costs and

## COUNT XXXIX – TITLE 42, U.S.C., SECTION 3601
### VIOLATION OF THE FAIR HOUSING ACT
(GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY)

12.     Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

13.     This claim is brought under the Fair Housing Act, 42 U.S.C 3601, et seq.  Section 361(a) (1) (A) of this Act allows a ciil action to be brought by any person damaged under the Act. Sections xxxx, etc., proides that it shall be unlawful for any person or entity to …..

14.     Defendant's refusal to xxx because of the Plaintiffs race and racial composition of the neighborhood in which they reside denied Plaintiff's rights secured under 42 U.S.C. 601, et seq.

15.     As a direct and proximate result of Defendant's unlawful violation of 42 U.S.C 3601, et seq., Plaintiffs have suffered and continue to suffer great embarrassment, humiliation and emotional distress.

16.     Defendant's violation of 42 U.S.C 3601, et seq. was willful and wanton, and motivated by ill will and malice.

17.     Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

18.     As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## **PRAYER FOR RELIEF**

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

583.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

584.   Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

Exemplary damages, interest, costs and

## COUNT XXXX
## ASSAULT AND BATTERY (ROOFTOP INCIDENT)
**(GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY, STONE, BALL)**

19.   Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

20.   Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

21.   As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

585.   That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

586.   Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

587.   Exemplary damages, interest, costs and

## COUNT XXXX
## TRESPASS (ROOFTOP INCIDENT)
**(GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY, STONE, BALL)**

22.   Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

23.     Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

24.     As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

588.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

589.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

590.    Exemplary damages, interest, costs and

## COUNT XXXX
## BREACH OF THE COVENANT OF QUIET ENJOYMENT
(GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY, STONE, BALL)

299.    Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

300.    Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

Case: 1:15-cv-11074 Document #: 1 Filed: 12/09/15 Page 91 of 150 PageID #:91

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

591. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

592. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

593. Exemplary damages, interest, costs and

## COUNT XXXX
## WRONGFUL INDUCEMENT OF ABANDONMENT
### (GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY, STONE, BALL)

1. Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

2. Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

594. That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

595. Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

596. Exemplary damages, interest, costs and

## COUNT XXXX

Page **91** of **150**

## WRONGFUL EVICTION
### (GONZALEZ v. DPT, DPT PRESIDENT, DPT SECRETARY, STONE, BALL)

1.      Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

2.      Defendants made these materially false and misleading statements and omissions with the intent of concealing their fraudulent actions from Defendants and the Courts

As a direct and proximate result of Defendants' material omissions and fraudulent misrepresentations, Plaintiff has suffered damages in an amount to be determined at trial, but which not less than $4,000,000.00 are.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

597.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

598.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

599.    Exemplary damages, interest, costs and

## COUNT XXXX – STATE LAW CLAIM
## CIVIL CONSPIRACY TO DEFRAUD PLAINTIFFS OF BUSINESS, HOME REAL AND PERSONAL PROPERTY
### (ALL PLAINTIFFS v. ALL DEFENDANTS)

1.      Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

2.      Defendant's violated 42 U.S.C. 1985(3) by conspiring to prevent by force, intimidation, or threat, Plaintiffs from defending themselves in the pursuit of life, liberty and property, equal opportunity, access to the courts as guaranteed by the

**Page 92 of 150**

3.    Defendants' actions against Plaintiffs were taken with racially discriminatory intent and effect

4.    As described more fully in the proceeding paragraphs, Defendants, acting in concert of action with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

5.    In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

6.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

7.    As a direct and proximate result of Defendants' conspiracy, Plaintiffs has suffered damages including severe emotional distress and anguish, as is more fully alleged above.

8.    damages in an amount to be determined at trial, but not less than $10,000,000.00 are.


## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, the defendant, ANASTACIO GONZALEZ, respectfully requests the following relief from this court:

600.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

601.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

602.    Exemplary damages, interest, costs and

## COUNT XXXX – TITLE 18, U.S.C., SECTION 241, 42 U.S.C. 1985(3), CIVIL CONSPIRACY TO DEPRIVE DEFENDANTS OF THEIR CIVIL RIGHTS AND CONCEAL AND SUPPRES THE FRAUDULENT SCHEME
(ALL PLAINTIFFS v. ALL DEFENDANTS)

1.      Plaintiff reasserts and incorporates herein by reference the allegations made in all previous paragraphs, inclusive as if though fully set forth herein.

2.      Defendant's violated 42 U.S.C. 1985(3) by conspiring to prevent by force, intimidation, or threat, Plaintiffs from defending themselves in the pursuit of life, liberty and property, equal opportunity, access to the courts as guaranteed by the

3.      Defendants' actions against Plaintiffs were taken with racially discriminatory intent and effect

9.      As described more fully in the proceeding paragraphs, Defendants, acting in concert of action with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

10.     The Defendant's reached an agreement amongst themselves to deprive Plaintiffs of their constitutional rights, all as described in the various paragraphs of this complaint.

11.     Independently, before, during and after the conspiracy to defraud the Plaintiff's, each of the Defendants further conspired and continued to conspire, to hinder, delay, and deprive the Plaintiffs of their civil rights.

12.     In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

13.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

14.     By reasons of misconduct of Defendants, Plaintiffs were depried of rights, privelages, and immunities secured to him by the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted therein.

15.    As a direct and proximate result of Defendants' conspiracy, Plaintiffs has suffered

damages including severe emotional distress and anguish, as is more fully alleged above.

and damages in an amount to be determined at trial, but not less than $10,000,000.00 are.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, the defendant, ANASTACIO

GONZALEZ, respectfully requests the following relief from this court:

603.    That this court vacate and void all judgments and orders including the entire court proceedings as VOID.

604.    Enter Judgment against Defendants to be determined at trial, but not less than $4,000,000.00

605.    Exemplary damages, interest, costs and

## COUNT 1 – FDCPA
### (GONZALEZ v. AXELROD/AXELROD LAW)

1.    Plaintiff incorporates paragraphs 1-14.

2.    Section 804 of the FDCPA (15 U.S.C. § 1692b), governs the manner in which debt

collectors may communicate with any person other than the consumer for purposes of acquiring

location information about the consumer. Section 804(2) specifically prohibits debt collectors from

communicating with any person about a consumer and not state that such consumer owes any

"debt".

3.    In numerous instances, through the means described in Paragraph(s) _____, in

connection with the collection of debts, Defendants, directly or indirectly, have communicated

more than once with persons other than the consumer and stated that GONZALEZ owes a "debt"

4.    The acts and practices alleged in Paragraph(s) _____ constitute violations of Section

804 of the FDCPA, 15 U.S.C. § 1692b(2).

5.      Defendants herein violated the provisions of 15 U.S.C. § 1692b(2) (§ 804) by communicating to third parties (C&T LAW, STONE and DTP) that GONZALEZ owed a "debt" on or about October 19, 2011.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

1. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Such other and further relief as the Court deems proper.

## COUNT 2 – FDCPA
### (GONZALEZ v. AXELROD/AXELROD LAW)

6.      Plaintiff incorporates paragraphs 1-14.

7.      Section 804 of the FDCPA (15 U.S.C. § 1692b), governs the manner in which debt collectors may communicate with any person other than the consumer for purposes of acquiring location information about the consumer. Section 804(3) specifically prohibits debt collectors from communicating with any person about n consumer more than once unless requested by the person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete information.

8.      In numerous instances, through the means described in Paragraph(s) ____, in connection with the collection of debts, Defendants, directly or indirectly, have communicated more than once with persons other than the consumer for the purpose of obtaining location information about the consumer without a reasonable belief that the person's previous denial of

knowledge of the consumer or the consumer's location was erroneous or incomplete and that such person now has correct or· complete location information.

9.      The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 804 of the FDCPA, 15 U.S.C. § 1692b(3).

10.      Defendants herein violated the provisions of 15 U.S.C. § 1692b(3) [§ 804] by communicating with C&T LAW ("third party") on multiple occasions (October-19-2011, March-28-2012) as described herein above.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

5.   Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

6.   Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

7.   Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

8.   Such other and further relief as the Court deems proper.

### COUNT 3 – FDCPA
(GONZALEZ v. AXELROD & AXELROD LAW)

11.      Plaintiff incorporates paragraphs 1-14.

12.      Section 805 of the FDCPA, (15 U.S.C. § 1692c), governs communications in connection with a debt generally. Section 805(a)(l) specifically prohibits communications with a consumer in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the consumer, and Section 805(a)(1) specifically prohibits communications with a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

13.     In numerous instances, through the means described in Paragraph(s) ____, in connection with the collection of debts, Defendants, directly or indirectly, have communicated with consumers in connection with the collection of debts at a time or place known by Defendants or which should be known by Defendants to be inconvenient to the consumer.

14.     The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 805(a)(1) of the FDCPA, 15 U.S .C. § 1692c(a).

15.     Defendants herein violated the provisions of 15 U.S.C. § 1692c(a)(1) 805  by communicating on multiple occasions with GONZALEZ situated at times and locations which they knew or should have know were inconvenient to GONZALEZ.

16.     Defendants herein violated the provisions of 15 U.S.C. § 1692c(a)(1) 805  by communicating on multiple occasions during Court proceedings then unrelated and without cause on October-19-2011, October-28-2011, Februay-22-2012, and March-28, 2012.

17.     Section 1692c provides:

**§ 1692c. Communication in connection with debt collection**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

9.  Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

10. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

11. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

12. Such other and further relief as the Court deems proper.

### <u>COUNT 4 – FDCPA</u>
### (GONZALEZ v. AXELROD/AXELROD LAW)

1.     Plaintiff incorporates paragraphs 1-14.

2.      Section 805 of the FDCPA, (15 U.S.C. § 1692c(b)), governs communications in connection with a debt generally. Section 805(b) specifically prohibits communications about a debt with any person other than the consumer·, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment relief.

3.      In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, AXELROD/AXELROD LAW directly or indirectly, have communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the .permission of the consumer, or as otherwise allowed by Section 804.

4.      The acts and practices alleged in Paragraph 15 constitute violations of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

5.      Defendant violated 15 U.S.C. § 1692c(b), [§ 805] by communicating about Plaintiff GONZALEZ'S alleged debt to STONE/DTP as stated in IRIZARRY'S 2nd affidavit submitted to PLAINTIFF'S in case 2009 CH 172718 on September 20, 2013.

6.      Section 1692c provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

> 13. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
>
> 14. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
>
> 15. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
>
> 16. Such other and further relief as the Court deems proper.

**COUNT 5 – FDCPA**
(GONZALEZ V. AXELROD/AXELROD LAW)

1.      Plaintiff incorporates paragraphs 1-14.

7.      Section 805 of the FDCPA, (15 U.S.C. § 1692c), governs communications in connection with a debt generally. Section 805(b) specifically prohibits communications about a debt with any person other than the consumer·, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment relief.

8.      In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the .permission of the consumer, or as otherwise allowed by Section 804.

9.      The acts and practices alleged in Paragraph ____ constitute violations of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

10.      Defendant violated 15 U.S.C. §1692c(b), [§ 805] by communicating about Plaintiff's alleged debt to C&T LAW (third party). AXELROD/AXELROD LAW left a message stating that AXELROD/AXELROD LAW had a "secured interest" on October 19, 2011 stated in C&T LAW petition for attorney fees.

2.      Defendant violated 15 U.S.C. §1692c [§ 805], by communicating about Plaintiff's alleged debt to DTP on October 19, 2011.

3.      Section 1692c provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

17. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

18. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

19. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

20. Such other and further relief as the Court deems proper.

**COUNT 6 – FDCPA**
**(GONZALEZ V. AXELROD & AXELROD LAW)**

1. Plaintiff incorporates paragraphs 1-14.

11. Section 806 of the FDCPA, (15 U.S.C. § 1692d), governs debt collectors conduct/behavior in connection with the collection of a debt. Section 806(1) specifically prohibits the use or threat of use of violence or any criminal means to harm the physical person, reputation, or property of any person.

12. In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have used and/or have threaten the use of criminal means to harm the physical person, reputation and property.

13. The acts and practices alleged in Paragraph _____ constitute violations of Section 806(1) of the FDCPA, 15 U.S.C. § 1692d(b).

2. Defendant violated 15 U.S.C. § 1692d(1) by the use and threat of criminal means to harm Plaintiff's reputation and property.

3. Defendant AXELROD violated 15 U.S.C. § 1692d(1) by mailing GONZALEZ a "Mutual Release" settlement through the U.S. MAIL long after the fraudulent Ex-Parte Default Judgment against GONZALEZ was dismissed by the Court which rendered it with PREJUDICE. AXELROD/AXELROD LAW fraudulently without a Judgment in existence obtained a 4th body

attachment issued and stated in the accompanying letter: "That has not been placed with the Sheriff; the Attachment is in my file".

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

21. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

22. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

23. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

24. Such other and further relief as the Court deems proper.

### COUNT 7 – FDCPA
### (GONZALEZ V. AXELROD & AXELROD LAW)

1. Plaintiff incorporates paragraphs 1-14.

2. Defendant violated 15 U.S.C. § 1692d (2) by the use of obscene and profane language which abused the hearer and the reader.

3. Defendant AXELROD/AXELROD LAW violated 15 U.S.C. § 1692(2) by using obscene and profane language by falsely representing the character of GONZALEZ to his client IRIZARRY when AXELROD stated that GONZALEZ was a "Pipesqueak" and a "Piece of shit" among other hateful terms. IRIZARRY stated this in a Verified Affidavit.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

1. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Such other and further relief as the Court deems proper.

## COUNT 8 – FDCPA
### (GONZALEZ V. AXELROD & AXELROD LAW)

1. Plaintiff incorporates paragraphs 1-14.

2. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

3. In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

4. Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

5. The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

6. Defendants herein violated the provisions of 15 U.S.C. § 1692(e)(2)(A) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court, C&T LAW, DTP and STONE.

    a. Defendant AXELROD violated 15 U.S.C. § 1692(e)(2)(A) by falsely representing the amount to the Circuit Court when AXELROD and AXELROD LAW filed the complaint against GONZALEZ.

b. Defendant AXELROD violated 15 U.S.C. § 1692(e)(2)(A) by falsely representing the legal status of the debt to the Circuit Court when he filed the Fraudulent complaint.

c. Defendant AXELROD violated 15 U.S.C. § 1692(e)(2)(A) by falsely representing the legal status of the debt to GONZALEZ when AXELROD sent a settlement letter after AXELROD and AXELROD LAW was aware that the case was dismissed with PREJUDICE. AXELROD also threatens that if GONZALEZ does not sign the settlement agreement that AXELROD would put a writ of attachment against GONZALEZ.

d. Defendant AXELROD violated 15 U.S.C. § 1692(e)(2)(A) by falsely representing the legal status of the debt to the Circuit Court when AXELROD sent a settlement letter after AXELROD and AXELROD LAW was aware that the case was dismissed with PREJUDICE. AXELROD also threatens that if GONZALEZ did not sign the settlement agreement that AXELROD would put a writ of attachment against GONZALEZ.

e. Defendant AXELROD violated 15 U.S.C. § 1692(e)(2)(A) by falsely representing the legal status of the debt to the Circuit Court when AXELROD'S client IRIZARRY gave GONZALEZ a credit of $5,000.00 after illegally converting/repossessing GONZALEZ'S personal property. AXELROD never amended the Default Judgment amount at any time.

f. Defendant AXELROD violated 15 U.S.C. § 1692(e)(2)(A) by falsely representing the legal status of the debt to the Circuit Court when AXELROD issued a Citation to Discover Assets against the State Treasurer and discovered $500.00 that they were holding for GONZALEZ. AXELROD never amended the Default Judgment amount at any time.

g. Defendant AXELROD violated 15 U.S.C. § 1692(e)(2)(A) by falsely representing the legal status of the debt to the Circuit Court when AXELROD'S client IRIZARRY testified under oath to the Circuit Court that his attorney had a replevin suit pending.

7. Section §1692(e) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against

Defendant for:

1. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Such other and further relief as the Court deems proper.

## COUNT 9 – FDCPA
### (GONZALEZ V. AXELROD & AXELROD LAW)

8.      Plaintiff incorporates paragraphs 1-14.

9.      Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

10.     In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

11.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

12.     The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

13.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(5) [§ 807] by threatening to file a body attachment with the Cook County Sheriff's Office against GONZALEZ if GONZALEZ did not sign the purposed settlement agreement sent to GONZALEZ from

AXELROD and AXELROD LAW. The lawsuit was dismissed with PREJUDICE months prior to AXELROD having the CIRCUIT approve a body attachment against GONZALEZ.

14.     Section §1692e provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

1. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Such other and further relief as the Court deems proper.

### COUNT 10 – FDCPA
### (GONZALEZ v. AXELROD & AXELROD LAW)

1.     Plaintiff incorporates paragraphs 1-14.

2.     Section 807 of the FDCPA, 15 U.S.C. $\S$ 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

3.     In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

4.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

5.      The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

6.      Defendants herein violated the provisions of 15 U.S.C. § 1692e(8) [§ 807] by AXELRODS failure to inform STONE/CHUHAK on October 19, 2011 that the alleged debt was disputed by GONZALEZ when he filed an ANSWER in response to the complaint.

7.      Section §1692e provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

1.  Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2.  Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3.  Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4.  Such other and further relief as the Court deems proper.

**COUNT 11 – FDCPA**
**(GONZALEZ V. AXELROD & AXELROD LAW)**

8.      Plaintiff incorporates paragraphs 1-14.

15.     Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

16.     In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

17.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

18.     The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

9.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(B) by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court, C&T LAW, DTP and STONE.

      a.  Defendant AXELROD violated 15 U.S.C. § 1692(e)(2)(B) by representing that GONZALEZ owes attorney fees and related costs for the fraudulent case which was dismissed with PREJUDICE.

10.     Section §1692(e) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

    1.  Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

    2.  Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

    3.  Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

    4.  Such other and further relief as the Court deems proper.

## COUNT 12 – FDCPA
### (GONZALEZ V. AXELROD & AXELROD LAW)

1.     Plaintiff incorporates paragraphs 1-14.

19.     Section 807 of the FDCPA, 15 U.S.C. *§* 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

20.     In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

21.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

22.     The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

2.      Defendants herein violated the provisions of 15 U.S.C. § 1692e(4) by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court, C&T LAW, DTP and STONE.

        a.   Defendant violated 15 U.S.C. § 1692(e)(4) the Axelrod settlement fail. He said either sign or a body attachment would be issued.

3.      Section §1692(e) provides:


WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

        1.   Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

        2.   Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Such other and further relief as the Court deems proper.

### COUNT 13 – FDCPA
#### (GONZALEZ V. AXELROD & AXELROD LAW)

4. Plaintiff incorporates paragraphs 1-14.

23. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

24. In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

25. Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

26. The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

5. Defendants herein violated the provisions of 15 U.S.C. § 1692e(5) by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court, C&T LAW, DTP and STONE.

a. Defendant AXELROD violated 15 U.S.C. § 1692(e)(5) by threatening GONZALEZ to take action by filing a writ of attachment with the Cook County Sheriff's Office to execute an unlawful writ of attachment issued after the default judgment was dismissed with Prejudice by the Circuit Court. The Body attachment was never intended to be taken because it was under color of law

and unlawful, it was used as a extortion instrument to intimidate GONZALEZ into signing the Settlement Agreement by AXELROD that would dispose of any claims that GONZALEZ would have against AXELROD.

6.    Section §1692(e) provides:

**§1692(e). False or misleading representations.**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

1. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Such other and further relief as the Court deems proper.

**COUNT 14 – FDCPA**
**(GONZALEZ V. AXELROD & AXELROD LAW)**

7.    Plaintiff incorporates paragraphs 1-14.

27.    Section 807 of the FDCPA, 15 U.S.C. $\S$ 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28.    In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

29.    Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

30.     The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____ .

8.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(10) by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court, C&T LAW, DTP and STONE.

     a. Defendant violated 15 U.S.C. § 1692(e)(10) by telling chuchak that he had a secured interest on October 19, 2011. He left it as a message .

9.     Section §1692(e) provides:


WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

1.  Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2.  Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3.  Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4.  Such other and further relief as the Court deems proper.

**COUNT 15 – FDCPA**
**(GONZALEZ V. AXELROD & AXELROD LAW)**

1.     Plaintiff incorporates paragraphs 1-14.

2.     Defendant violated 15 U.S.C. §1692(f)(1) [§ 808] by collecting or attempting to collect an amount from Plaintiff, which is not expressly authorized by the agreement creating the debt or permitted by law:

    a.  AXELROD illegally reposed the Plaintiff's personal property furniture without a court order or authorization from Plaintiff.

    b.  AXELROD collected funds from the Illinois State Treasurer.

1.    "Although § 1692f does not specifically list 'failure to investigate' as an example of unfair collection activity, this does not automatically preclude [the plaintiff] from recovering on his § 1692f claim." *Gros v. Midland Credit Mgmt.*, 06 C 5510, 2008 U.S. Dist. LEXIS 83954 * 21 (N.D. Ill. Oct. 20, 2008)..

1.    Section §1692(f)(1) provides:

2.    All Defendants to whom this count is against, Zenith, North Star, Blitt and Trak America, failed to conduct a timely investigation into Balbarin's dispute of the debt.

1.    GONZALEZ has suffered actual damages as a result of AXELROD and AXELROD LAW failure to timely investigate.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

1. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Such other and further relief as the Court deems proper.

**COUNT I6 – FDCPA**
**(GONZALEZ V. AXELROD & AXELROD LAW)**

1.    Plaintiff incorporates paragraphs 1-14.

2.  Defendant violated 15 U.S.C. §1692(f)(6)(A) [§ 808] by taking non-judicial action that dispossessed Plaintiff of his personal property and without any lawful right:

   a. AXELROD reposed the Plaintiff's furniture without a court order or judgment and without authorization from Plaintiff.

3.  Section §1692(f)(6)(A) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

1.  Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2.  Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3.  Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4.  Such other and further relief as the Court deems proper.

### COUNT 17 – FDCPA
### (GONZALEZ V. AXELROD & AXELROD LAW)

1.  Plaintiff incorporates paragraphs 1-14.

2.  Defendant violated 15 U.S.C. §1692(f)(C) [§ 808] by taking property that is exempt by law from such dispossession due to the fact that Defendant opted for a monetary judgment and not a replevin action:

   a. AXELROD reposed or caused to be reposed with full knowledge that Plaintiff's furniture without a court order or judgment and without authorization from Plaintiff.

3.  Section §1692f(C) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

1. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2. Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

3. Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Such other and further relief as the Court deems proper.

## VIOLATIONS ALLEGED
## COUNT 1 – FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

14. Plaintiff incorporates paragraphs 1-14

15. Section 805 of the FDCPA, 15 U.S.C. § 1692c, governs communications in connection with a debt generally. Section 805(b) specifically prohibits communications about a debt with any person other than the consumer·, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment relief.

16. In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the .permission of the consumer, or as otherwise allowed by Section 804.

17. The acts and practices alleged in Paragraph *15* constitute violations of Section 805(b) ofthe FDCPA, 15 U.S.C. § 1692c(b).

18. Defendant violated 15 U.S.C. §1692c(b) [§ 805] by communicating about Plaintiff's alleged debt to AXELROD and AXELROD LAW on or about October 19, 2011.

19.     In numerous instances, through the means described in Paragraph ___, in connection with the collection of debts, Defendants, directly or indirectly, have communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the .permission of the consumer, or as otherwise allowed by Section 804.

20.     Section 1692c provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendants for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § §1692k(a)(2)(A) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 2 – FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

1.     Plaintiff incorporates paragraphs 1-14

21.     Section 805 of the FDCPA, 15 U.S.C. § 1692c, governs communications in connection with a debt generally. Section 805(b) specifically prohibits communications about a debt with any person other than the consumer·, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment relief.

22.     In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the .permission of the consumer, or as otherwise allowed by Section 804.

23.     The acts and practices alleged in Paragraph *15* constitute violations of Section 805(b) ofthe FDCPA, 15 U.S.C. § 1692c(b).

2.      Defendant violated 15 U.S.C. §1692c(b) [§ 805] by communicating about Plaintiff's alleged debt to LEYDON on or about October 19, 2011.

3.      In numerous instances, through the means described in Paragraph ___, in connection with the collection of debts, Defendants, directly or indirectly, have communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the .permission of the consumer, or as otherwise allowed by Section 804.

4.      Section 1692c provides:

**the creditor, or the attorney of the debt collector. . . .**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendants for:

      (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

      (2) Actual damages; pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

      (3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § §1692k(a)(2)(A)  against Defendants;

      (4) Such other and further relief as the Court deems proper.

## COUNT 3 – FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

1.      Plaintiff incorporates paragraphs 1-14

24.     Section 805 of the FDCPA, 15 U.S.C. § 1692c, governs communications in connection with a debt generally. Section 805(b) specifically prohibits communications about a debt with any person other than the consumer·, a consumer reporting agency, the creditor, or

their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment relief.

25.     In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the .permission of the consumer, or as otherwise allowed by Section 804.

26.     The acts and practices alleged in Paragraph *15* constitute violations of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

2.     Defendant violated 15 U.S.C. §1692c(b) [§ 805] by communicating about Plaintiff's alleged debt to ROBERT STONE/DTP on or about October 19, 2011.

3.     In numerous instances, through the means described in Paragraph ___, in connection with the collection of debts, Defendants, directly or indirectly, have communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the .permission of the consumer, or as otherwise allowed by Section 804.

4.     Section 1692c provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendants for:

> (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A)against Defendants;
>
> (2) Actual damages; pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
>
> (3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § §1692k(a)(2)(A) against Defendants;
>
> (4) Such other and further relief as the Court deems proper.

### COUNT 4 – FDCPA

(GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

1.     Plaintiff incorporates paragraphs 1-14

27.     Section 805 of the FDCPA, 15 U.S.C. § 1692c, governs communications in connection with a debt generally. Section 805(b) specifically prohibits communications about a debt with any person other than the consumer·, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment relief.

28.     In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the .permission of the consumer, or as otherwise allowed by Section 804.

29.     The acts and practices alleged in Paragraph *15* constitute violations of Section 805(b) ofthe FDCPA, 15 U.S.C. § 1692c(b).

2.     Defendant violated 15 U.S.C. §1692c(b) [§ 805] by communicating about Plaintiff's alleged debt to RAY IRIZARRY on or about October 19, 2011.

3.     In numerous instances, through the means described in Paragraph ___, in connection with the collection of debts, Defendants, directly or indirectly, have communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the .permission of the consumer, or as otherwise allowed by Section 804.

4.     The acts and practices alleged in Paragraph 15 constitute violations of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

5.     Section 1692c provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against

Defendants for:

(1) Statutory damages pursuant to 15 U.S.C. §1692c(b) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. §1692c(b) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § §1692c(b) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 5– FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

4.      Plaintiff incorporates paragraphs 1-14.

5.      Defendant violated 15 U.S.C. § 1692d(1) C&T LAW and PEAK PROPERTY

physically battered GONZALEZ and his assistant on October 22, 2011.

6.      Defendant violated 15 U.S.C. § 1692d(1) [§806] by the use or threat of use of

violence or other criminal means to harm the physical person, reputation, or property of any

person.

7.      Section §1692d provides:


WHEREFORE, the Court should enter judgment in favor of Plaintiff and against

Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.


## COUNT 6– FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

1.  Plaintiff incorporates paragraphs 1-14.

2.  Defendant violated 15 U.S.C. § 1692d(2) C&T LAW assaulted GONZALEZ and his assistant on October 22, 2011

3.  Defendant violated 15 U.S.C. § 1692d(2) [§806] by the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

4.  Section §1692d provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 7 – FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

31.  Plaintiff incorporates paragraphs 1-14.

32.  Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33.     In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

34.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

35.     The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

36.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court.

37.     Defendant violated 15 U.S.C. § 1692(2)(A) by filing a fraudulent foreclosure complaint against GONZALEZ.

38.     Section §1692(e) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

> (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
>
> (2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
>
> (3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
>
> (4) Such other and further relief as the Court deems proper.

## COUNT 8 – FDCPA

Page **122** of **150**

(GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

39.     Plaintiff incorporates paragraphs 1-14.

40.     Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41.     In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

42.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

43.     The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

44.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court.

45.     Defendant violated 15 U.S.C. § 1692(2)(A) by pursuing a false debt/collection action in Chancery Section of the Cook County Circuit Court.

46.     Section §1692(e) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

**Page 123 of 150**

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 9 – FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

47.     Plaintiff incorporates paragraphs 1-14.

48.     Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49.     In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

50.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

51.     The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

52.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court.

53.     Defendant violated 15 U.S.C. § 1692(2)(A) by pursuing a false amount of an alleged debt in Chancery Section of the Cook County Circuit Court.

54.     Section §1692(e) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

> (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

> (2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

> (3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

> (4) Such other and further relief as the Court deems proper.

### COUNT 10– FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

55.     Plaintiff incorporates paragraphs 1-14.

56.     Section 807 of the FDCPA, 15 U.S.C. *§* 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57.     In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

58.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

59.     The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

60.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(B) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court.

61.     Defendant violated 15 U.S.C. § 1692e(2)(B) by filing Petitions of attorney fees against GONZALEZ for their client PCB a fraudulent foreclosure suit in Cook County Circuit Court.

62.     Section §1692e(2)(B) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

>    (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
>
>    (2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
>
>    (3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
>
>    (4) Such other and further relief as the Court deems proper.

### COUNT 11– FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

63.     Plaintiff incorporates paragraphs 1-14.

64.     Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65.     In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

66.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

67.     The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

68.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(B) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court.

69.     Defendant violated 15 U.S.C. § 1692e(2)(B) by filing Petitions of attorney fees against GONZALEZ for their client JOHN LEYDON.

70.     Section §1692e(2)(B) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

   (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

   (2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

   (3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

   (4) Such other and further relief as the Court deems proper.

## COUNT 12– FDCPA

(GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

71.     Plaintiff incorporates paragraphs 1-14.

72.     Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

73.     In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

74.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

75.     The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

76.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(4) [§ 807] by representing and/or implicating that the disputation/non-payment of the alleged debt by GONZALEZ will result in immediate arrest and imprisonment and/or prosecution of a class 3 felony that would result in imprisonment.

77.     Defendant violated 15 U.S.C. § 1692e(4) by filing fraudulent sanctions and contempt allegations demanding that Gonzalez be prosecuted by the States Attorney for a class 3 felony for false verified pleadings.

78.     Section §1692e(4) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

### COUNT 13– FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

79.    Plaintiff incorporates paragraphs 1-14.

80.    Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

81.    In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

82.    Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

83.    The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

84.    Defendants herein violated the provisions of 15 U.S.C. § 1692e(5) [§ 807] by representing and/or implicating that the disputation/non-payment of the alleged debt by

GONZALEZ will result in immediate arrest and imprisonment and/or prosecution of a class 3 felony that would result in imprisonment.

85.    Defendant violated 15 U.S.C. § 1692e(5) by filing fraudulent sanctions and contempt allegations demanding that Gonzalez be prosecuted by the States Attorney for a class 3 felony for false verified pleadings.

86.    Section §1692e(5) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

### COUNT 14– FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

87.    Plaintiff incorporates paragraphs 1-14.

88.    Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

89.    In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

90. Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

91. The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

92. Defendant violated 15 U.S.C. § 1692(e)(10) by using false representations and utilized deceptive means to collect a debt.

93. On xx/xx/xx C&T LAW attempted to dismiss GONZALEZ section 2-1401 to vacate the foreclosure judgment after the Court gave specific instructions to C&T LAW concerning the Court Order. C&T LAW drafted the order and included that Defendants were dismissing their Section 2-1401 with prejudice against their client PCB.

94. Section §1692e(10) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 15– FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

95. Plaintiff incorporates paragraphs 1-14.

96.     Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

97.     In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

98.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

99.     The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

100.    Defendant violated 15 U.S.C. § 1692(e)(10) by using false representations and utilized deceptive means to collect a debt.

101.    On October 19, 2011 had witness RAY IRIZARRY testify after being prepared for cross examination and approved by his attorney AXELROD and AXELROD LAW that they obtained REPLEVIN JUDGMENT. The Replevin alleged/perjured to the Court never existed or ever filed by AXELROD. IRIZARRY had a fraudulent monetary judgment at that time and presently vacated with Prejudice.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

**COUNT 16 – FDCPA**
**(GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))**

3.        Plaintiff incorporates paragraphs 1-14.

4.        Defendant violated 15 U.S.C. §1692(f)(1) [§ 808] by collecting or attempting to collect an amount from Plaintiff, which is not expressly authorized by the agreement creating the debt or permitted by law:

5.        Defendant violated 15 U.S.C. § 1692(f)(1) by collecting or attempting to collect an amount from plaintiff, which is not expressly authorized by the agreement creating the debt or permitted by law:

6.        Section §1692(f)(1) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

**COUNT 17 – FDCPA**
**(GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))**

7.        Plaintiff incorporates paragraphs 1-14.

8.      Defendant violated 15 U.S.C. §1692(f)(1) [§ 808] by collecting or attempting to collect an amount from Plaintiff, which is not expressly authorized by the agreement creating the debt or permitted by law:

9.      Defendant violated 15 U.S.C. § 1692(f)(1) by collecting or attempting to collect an amount from plaintiff, which is fraudulent and by filing against GONZALEZ in Chancery in the Circuit Court.

10.     Section §1692(f)(1) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 18 – FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

11.     Plaintiff incorporates paragraphs 1-14.

12.     Defendant violated 15 U.S.C. §1692(f)(1) [§ 808] by collecting or attempting to collect an amount from Plaintiff, which is not expressly authorized by the agreement creating the debt or permitted by law:

13.     Defendant violated 15 U.S.C. § 1692(6)(A) by converting GONZALEZ'personalty property from the premises which included Entire Liquor Stock, Food Stock expensive audi and video equipment such as Flat screen TV cashbox financial information

14.     Section §1692(f)(1) provides:

Page **134** of **150**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

> (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

> (2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

> (3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

> (4) Such other and further relief as the Court deems proper.

## COUNT 19 – FDCPA
### (GONZALEZ v. CHUHAK & TECSON, P.C. ("C&T LAW"))

15.    Plaintiff incorporates paragraphs 1-14.

16.    Defendant violated 15 U.S.C. §1692(f)(1) [§ 808] by collecting or attempting to collect an amount from Plaintiff, which is not expressly authorized by the agreement creating the debt or permitted by law:

17.    Defendant violated 15 U.S.C. § 1692(6)(A) by converting GONZALEZ'furnature property to R&M BOOTH

18.    Section §1692(f)(1) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

> (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

> (2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

> (3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

> (4) Such other and further relief as the Court deems proper.

606.    Declaring defendants' conduct unlawful;

607.   Awarding plaintiff damages in an amount necessary to compensate him fully for his losses, together with interest;

608.   Awarding plaintiff treble damages and injunctive relief for violation of FDCPA, as appropriate;

609.   Awarding the maximum amount of statutory damages provided under 15 U.S.C. §1692k;

610.   Awarding plaintiff his costs of suit, including attorneys' fees and expenses;

611.   Granting such other and further relief as is just and proper

### COUNT 1 – FDCPA
### (GONZALEZ v. BROTSCHUL POTTS)

102.   Plaintiff incorporates paragraphs 1-14.

103.   Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

104.   In numerous instances, through the means described in Paragraph 20, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

105.   Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

106.   The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

107.   Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt".

108. Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) [§ 807] by falsely identifying the amount and legal status contained in a 30 Day Demand letter, which was dated June 4, 2010, and mailed thereafter according to the "track and confirm search results" from the United States Postal Service. The aforesaid demand letter was verified by attorney Maureen E. Cullinan of the Brotschul L. Potts LLC.

109. Section §1692e provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

> (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
>
> (2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
>
> (3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
>
> (4) Such other and further relief as the Court deems proper.

### COUNT 2 – FDCPA
### (GONZALEZ v. BROTSCHUL POTTS)

1. Plaintiff incorporates paragraphs 1-14.

110. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

111. In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

112. Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

113. The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

114. Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt".

2.

3. Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt".

4. Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) [§ 807] by falsely identifying the amount and legal status contained in a complaint filed on June 3, 2010. In the complaint they claim $1,512.50 in legal fees. The complaint was fraudulent and in violation of SCR 137.

5. Section §1692e provides:

**§1692e. False or misleading representations.**
WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 3 – FDCPA
### (GONZALEZ v. BROTSCHUL POTTS)

1.      Plaintiff incorporates paragraphs 1-14.

2.      Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

3.      In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

4.      Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

5.      The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

6.      Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt".

7.      Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) [§ 807] by falsely identifying the amount and legal status contained in a 30 Day Demand letter, which was dated June 4, 2010, and mailed thereafter according to the "track and confirm search results" from the United States Postal Service. The aforesaid demand letter was verified by attorney Maureen E. Cullinan of the Brotschul L. Potts LLC. POTTS LAW stated in its demand letter the

following: "the sum of $1,512.50 in attorneys fees and costs in attempting to collect this account".

8.      Section §1692e provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

> (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
>
> (2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
>
> (3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
>
> (4) Such other and further relief as the Court deems proper.

## COUNT 4 – FDCPA
### (GONZALEZ v. BROTSCHUL POTTS)

1.      Plaintiff incorporates paragraphs 1-14.

2.      Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

3.      In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

4.      Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

5.      The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

6.      Defendants herein violated the provisions of 15 U.S.C. § 1692e(4) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt".

7.      Defendants herein violated the provisions of 15 U.S.C. § 1692e(4) [§ 807] by falsely identifying the amount and legal status contained in a 30 Day Demand letter, which was dated June 4, 2010, and mailed thereafter according to the "track and confirm search results" from the United States Postal Service. The aforesaid demand letter was verified by attorney Maureen E. Cullinan of the Brotschul L. Potts LLC. POTTS LAW stated in its demand letter the following:

> a.  "Should you choose not to pay any of these charges, including the legal fees, they must be adjudicated in a court of law in accordance with 765 ILCS 605/9(g)(1) and (h) and/or 735 ILCS 5/9-111".

> b.  "Unless FULL PAYMENT is made on or before the expiration of Thirty (30) days after the date of mailing of this notice, the Division Point Terraces may commence an action against you under Article IX of the Illinois Code of Civil Procedure governing forcible entry and detainer seeking an order of possession of the premises and which may result in a monetary judgment entered against you".

> c.  **"DEMAND FOR POSSESSION**
> Subject to the terms and provisions of the foregoing Thrity Day Notice and Demand, and the Illinois Code of Civil Procedure, 735 ILCS 5/9-102 et seq., Division Point Terraces hereby demands possession of the following described premises at:

> 1700 West Division Street, Unit 4, Chicago, Illinois 60622."

8.      Section §1692e provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against

Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 5 – FDCPA
### (GONZALEZ v. BROTSCHUL POTTS)

1.     Plaintiff incorporates paragraphs 1-14.

2.     Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

3.     In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

4.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

5.     The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

6.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(5) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt".

7.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(5) [§ 807] by falsely identifying the amount and legal status contained in a 30 Day Demand letter, which was

dated June 4, 2010, and mailed thereafter according to the "track and confirm search results" from

the United States Postal Service. The aforesaid demand letter was verified by attorney Maureen E.

Cullinan of the Brotschul L. Potts LLC. POTTS LAW stated in its demand letter the following:

    a.  "Should you choose not to pay any of these charges, including the legal fees, they must be adjudicated in a court of law in accordance with 765 ILCS 605/9(g)(1) and (h) and/or 735 ILCS 5/9-111".

    b.  "Unless FULL PAYMENT is made on or before the expiration of Thirty (30) days after the date of mailing of this notice, the Division Point Terraces may commence an action against you under Article IX of the Illinois Code of Civil Procedure governing forcible entry and detainer seeking an order of possession of the premises and which may result in a monetary judgment entered against you".

    c.  **"DEMAND FOR POSSESSION**
Subject to the terms and provisions of the foregoing Thrity Day Notice and Demand, and the Illinois Code of Civil Procedure, 735 ILCS 5/9-102 et seq., Division Point Terraces hereby demands possession of the following described premises at:

1700 West Division Street, Unit 4, Chicago, Illinois 60622."

8.    Section §1692e provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against

Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

**VIOLATIONS ALLEGED**

**Page 143 of 150**

**COUNT 1 – FDCPA**
**(GONZALEZ v. KOVITZ, SHIFRIN & NESBIT (KSN LAW))**

115.    Plaintiff incorporates paragraphs 1-14.

116.    Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

117.    In numerous instances, through the means described in Paragraph ____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

118.    Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

119.    The acts and practices alleged in Paragraph(s) ____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph(s) _____.

120.    Defendants herein violated the provisions of 15 U.S.C. § 1692(e)(2)(A) [§ 807] by falsely identifying the character, amount and legal status of the alleged "debt" on multiple occasions to the Court, C&T LAW, DTP and STONE.

121.    Defendant KSN LAW violated 15 U.S.C. § 1692(e)(2)(A) by falsely representing the fraudulent amount of the alleged "debt" to the Circuit Court when KSN LAW filed the fraudulent Amended Verified Complaint on behalf of DTP and against GONZALEZ.

122.    Section §1692(e) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 2 – FDCPA
### (GONZALEZ v. KOVITZ, SHIFRIN & NESBIT (KSN LAW))

1.     Plaintiff incorporates paragraphs 1-14.

2.     Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

3.     In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

4.     Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

5.     The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

6.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(B) [§ 807] by the false representation that any services rendered and or any compensation is recoverable due the nature of the fraudulent Amended Verified Complaint they filed.

7.      Defendant KSN LAW violated 15 U.S.C. § 1692e(2)(B) by falsely representing the amount of the alleged "debt" to the Cook County Circuit Court when KSN LAW filed the Amended Verified Complaint on behalf of DTP and against GONZALEZ.

8.      Defendant KSN LAW violated 15 U.S.C. § 1692e(2)(B) by filing a petition of attorneys fees in the amount of $3,201.25 for services rendered for DTP.

9.      Section §1692(e) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 3 – FDCPA
### (GONZALEZ v. KOVITZ, SHIFRIN & NESBIT (KSN LAW))

1.      Plaintiff incorporates paragraphs 1-14.

2.      Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

3.      In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

4.      Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

5.      The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

6.      Defendants herein violated the provisions of 15 U.S.C. § 1692e(5) [§ 807] by the threat to take action that cannot legally be taken.

7.      Defendant KSN LAW violated 15 U.S.C. § 1692e(2)(B) by threatening GONZALEZ that if he failed to unlock the rooftop door for DTP that they will forcibly gain entry to the rooftop at GONZALEZ expense. DTP has never had any right to enter the roof top. On March 3, 2011 DTP and unknown individuals drilled out the deadbolt locks leading to the roof and then assaulted and battered GONZALEZ. On February 18, 2011 KSN LAW sent GONZALEZ a "Final Demand Letter".

8.      Section §1692(e) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

### COUNT 4 – FDCPA
(GONZALEZ v. KOVITZ, SHIFRIN & NESBIT (KSN LAW))

1.  Plaintiff incorporates paragraphs 1-14.

2.      Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

3.      In numerous instances, through the means described in Paragraph _____, in connection with the collection of debts, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means.

4.      Defendants' representations as set forth in Paragraph _____ constitute false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

5.      The acts and practices alleged in Paragraph(s) _____ constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e.

6.      Defendants herein violated the provisions of 15 U.S.C. § 1692e(5) [§ 807] by the threat to take action that cannot legally be taken.

7.      Defendant KSN LAW violated 15 U.S.C. § 1692e(2)(B) by threatening GONZALEZ that if he failed to unlock the rooftop door for DTP that they will forcibly gain entry to the rooftop at GONZALEZ expense. DTP has never had any right to enter the roof top. On March 3, 2011 DTP and unknown individuals drilled out the deadbolt locks leading to the roof and then assaulted and battered GONZALEZ.

8.      Section §1692(e) provides:

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

      (1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

      (2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper.

## COUNT 5 – FDCPA
### (GONZALEZ V. AXELROD & AXELROD LAW)

19.     Plaintiff incorporates paragraphs 1-14.

20.     Defendant violated 15 U.S.C. §1692(f)(1) [§ 808] by collecting or attempting to collect an amount from Plaintiff, which is not expressly authorized by the agreement creating the debt or permitted by law:

  a. KSN LAW filed a fraudulent complaint and deprived GONZALEZ FROM HIS HOME.

2.     "Although § 1692f does not specifically list 'failure to investigate' as an example of unfair collection activity, this does not automatically preclude [the plaintiff] from recovering on his § 1692f claim." *Gros v. Midland Credit Mgmt.*, 06 C 5510, 2008 U.S. Dist. LEXIS 83954 * 21 (N.D. Ill. Oct. 20, 2008)..

3.     Section §1692(f)(1) provides:

4.     All Defendants to whom this count is against, Zenith, North Star, Blitt and Trak America, failed to conduct a timely investigation into Balbarin's dispute of the debt.

2.     GONZALEZ has suffered actual damages as a result of AXELROD and AXELROD LAW failure to timely investigate.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

(2) Actual damages; pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

(3) Attorney's fees, litigation expenses and costs of suit; pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

(4) Such other and further relief as the Court deems proper

**JURY DEMAND**

**Plaintiffs demand trial by jury.**

Respectfully submitted,

PLAINTIFFS

By: _____

Robert D. Shearer
One of its Attorneys

Robert D. Shearer
1400 W. Sherwin Ave.
Chicago, IL. 60626
(224) 306-8937

Page **150** of **150**