**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MOMO ENTERPRISES, LLC, a dissolved Limited Liability Company, ANASTACIO GONZALEZ, PLAZA LOUNGE, LLC, a dissolved Limited Liability Company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-cv-11074 |
| BANCO POPULAR OF NORTH AMERICA, POPULAR INC., POPULAR COMMUNITY BANK, CHUHAK & TECSON, PEAK PROPERTIES, DAVID J. AXELROD AND ASSOCIATES, THOMAS H. HORN, TERENCE G. TIU, DANIEL J. FUMAGALLI, JOSHUA S. HYMAN, KARA ALLEN, MICHAEL L. ZUCKER, ROBERT S. STONE, DAVID BALL, JENNIFER CIRAR, DIVISON POINT TERRACES CONDO ASSOCIATION, DPT CONDO PRESIDENT, DPT CONDO SECRETARY, KOVITZ SHIFRIN & NESBIT, JOHN LEYDON, KATE LEYDON, 1700 W. DIVISION LLC, JEFFREY E. ROCHMAN, DAVID J. AXELROD, CHICAGO TITLE & TRUST CO., NORTHERN TITLE CO, UNNAMED CO-CONSPIRATORS, et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Plaintiffs' motion for leave to file a third amended complaint. Plaintiffs' proposed complaint, (Dkt. 130-1), seeks to remedy the deficiencies in the second amended complaint ("SAC") that this Court identified in its March 30, 2017 dismissal order ("dismissal order") (Dkt. 127); *Momo Enterprises, LLC v. Banco Popular of N. Am.*, No. 15-CV-11074, 2017 WL 1178530 (N.D. Ill. Mar. 30, 2017). Defendants North American Title Co., Popular, Inc., 1700 W. Division LLC, John Leydon, the Bank Group, Kate Leydon, the DPT Defendants, The Peak

Defendants, Kovitz Shifrin & Nesbit, P.C. ("KSN"), the Axelrod Defendants, and Chicago Title Trust & Co. all oppose Plaintiffs motion.[1] For the following reasons, Plaintiffs' motion for leave to amend [130] is denied. Accordingly, this case is terminated.

**Background**

Plaintiffs' SAC challenged the foreclosure and sale of residential and commercial condominiums Plaintiff Gonzalez previously owned. Plaintiffs alleged that the sales and foreclosures were the result of a large conspiracy involving everyone from their neighbors to attorneys to banks, perpetrated through multiple lawsuits, fraudulent transfers, and a series of other torts.[2]

This Court dismissed the SAC on various grounds. First, this Court dismissed the claims against Popular, Inc. for lack of personal jurisdiction. (Dkt. 127 at 15-16). Second, this Court rejected Plaintiffs' arguments that the state court judgments were procured through fraud. (Dkt. 127 at 17-21). Thus, this Court found that many of the claims, which sought to set aside the state court foreclosure judgments, were barred by the *Rooker-Feldman* doctrine. Third, this Court dismissed a majority of the state law claims for lack of diversity. (Dk. 127 at 21-22). Fourth, this Court dismissed several claims with prejudice for being untimely. (Dkt. 127 at 22-25). Finally, this Court dismissed the remaining federal claims for failing to state a claim. (Dkt. 127 at 25-26).

**Legal Standard**

Courts should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts may deny leave to amend based on undue delay, bad faith, dilatory motive, prejudice, or

---

[1] The Bank Group includes the following: Banco Popular of North America ("Banco Popular"), Popular Community Bank ("PCB"), Thomas H. Horn ("Horn"), Chuhak & Tecson, P.C. ("Chuhak"), Terrence G. Tiu ("Tiu"), Daniel J. Fumagalli ("Fumagalli"), Joshua S. Hyman ("Hyman"), and Kara Allen's ("Allen"). The DPT Defendants include the following: Robert Stone ("Stone"), David Ball ("Ball"), Jennifer Cirar ("Cirar"), DPT Condo Association ("DPT Condo Association"), DPT Condo President ("DPT President"), and DPT Condo Secretary's ("DPT Secretary"). The Peak Defendants include the following: Michael Zucker ("Zucker") and Peak Properties, LLC ("Peak Properties"). The Axelrod Defendants include the following: David J. Axelrod and David J. Axelrod and Associates.

[2] For a more thorough recitation of the allegations in this case, please see the background section in this Court's dismissal order.

futility. *Naperville Smart Meter Awareness v. City of Naperville*, 114 F. Supp. 3d 606, 610 (N.D. Ill. 2015) (Lee, J.) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "Futile repleadings include restating the same facts using different language, reasserting claims previously determined, and the inability to survive a motion to dismiss." *Naperville*, 114 F. Supp. 3d at 610. (citations omitted). A district court does not abuse its discretion by dismissing a claim with prejudice where the plaintiff repeatedly fails to remedy deficiencies. *Id.* at 612 (collecting cases).

**Analysis**

As an initial matter, Plaintiffs' motion for leave to amend is bare bones. Plaintiffs' motion simply states, "The Plaintiffs hereby submit their Motion for Leave to file the enclosed Third Amended Complaint." (Dkt. 130 at 2). Plaintiffs do not inform this Court of how the proposed complaint cures the deficiencies this Court identified in the dismissal order. Instead, Plaintiffs required this Court to scour the 190-page, 33-count proposed complaint to determine whether Plaintiffs have remedied the deficiencies in the 179-page, 34-count SAC. The gist of the proposed complaint is the same as the SAC – Defendants purportedly engaged in a conspiracy to defraud Plaintiffs of the residential and commercial condominiums previously owned by Gonzalez. Plaintiffs' proposed complaint asserts the same claims as the SAC, with the exception of Count XXX (violation of Title VII),[3] which are supported by substantially similar allegations.

*a. Personal jurisdiction*

Plaintiffs first resurrect Popular, Inc. as a defendant. Personal jurisdiction exists if an out-of-state defendant has minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Kipp v. Ski Enter. Corp. of Wisc., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (citation omitted). A court may assert general personal jurisdiction over a foreign corporation if its affiliations with a state are so continuous and systematic as to render

---

[3] Count XXX of the SAC is dismissed with prejudice as Plaintiffs do not attempt to re-plead it.

3

it essentially at home in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014) (citations omitted). Specific personal jurisdiction exists where a defendant's contacts with the forum are linked to the claims. *Kipp*, 783 F.3d at 698 (citation omitted).

Plaintiffs allege that Popular, Inc. directed Banco Popular to sell certain Chicago assets and that, "since Popular, Inc. shared the same Chicago Attorneys with [Banco Popular], at the times that are relevant to [the Illinois Uniform Fraudulent Act] claim, it is reasonable to assume that Popular, Inc. was aware of and approved all of the wrongful conduct committed against [Plaintiffs] by the [Banco Popular] Attorneys." (Dkt. 130-1 ¶¶ 232, 235). Plaintiffs also allege that Banco Popular and Popular, Inc. have board members in common, some of which are also board members of a Banco Popular charity based in Illinois. (Dkt. 130-1 ¶¶ 236, 237). Plaintiffs do not argue that these allegations put Popular, Inc. at "home" in Illinois. The question, then, is whether Plaintiffs have sufficiently alleged that there is specific jurisdiction over Popular, Inc..

None of the parties offer any argument on whether the new allegations in the proposed complaint are sufficient such that this Court should assert personal jurisdiction over Popular, Inc. This Court, therefore, declines to rule on this issue. A ruling on this issue, however, is not necessary because, as discussed below, this Court dismisses the complaint in its entirety on other grounds.

*b. Subject matter jurisdiction*

The *Rooker-Feldman* doctrine deprives federal courts of jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). *Rooker-Feldman* also bars federal courts from hearing claims that are "inextricably intertwined" with the state court judgment, i.e., that seek to indirectly set aside the state court judgment. *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004) (citation omitted).

4

Federal courts, however, may hear a claim that is "inextricably intertwined" with the state court judgment only if the plaintiff did not have a reasonable opportunity to raise the claim in the state court proceedings, *Id.*, or where the state court's jurisdiction was acquired through the use of extrinsic fraud. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999) (citations omitted) (extrinsic fraud refers to situations where the losing party has been prevented from exhibiting fully his case).

Plaintiffs attempt to address this Court's *Rooker-Feldman* concerns in two ways. First, Plaintiffs allege that they never had a reasonable opportunity to raise their constitutional, federal statutory, or state claims in the Circuit Court of Cook County. (Dkt. 130-1 at 114). In support, plaintiffs claim that Defendants offered "fraudulent" and "perjured" testimony, and they identify issues related to the commercial condominium PIN number for the commercial condominium. Plaintiffs, however, fail to specify what claims they were not able to raise in state court or how they were denied a reasonable opportunity to raise them. They also do not allege how Defendants' "fraud" prevented them from participating in the state court proceedings. Moreover, Plaintiffs' various 735 ILCS 5/2-1401 petitions indicate that they were able to participate in the foreclosure proceedings and raise arguments regarding the PIN number at issue. (see, e.g. Dkt. 134 ¶ 6).

Plaintiffs also seek to cure the *Rooker-Feldman* deficiencies by modifying their requested relief. In the SAC, Plaintiffs asked this Court to void various state court orders; in the proposed amended complaint, they simply ask for damages. This requested relief, however, does not change this Court's previous *Rooker-Feldman* analysis as the nature of Plaintiff's claims still relate to the injuries caused by the foreclosure judgments, injuries which could have been addressed in state court. *See, e.g., Garry v. Geils*, 82 F.3d 1362, 1370 (7th Cir. 1996) (citations omitted) (*Rooker-Feldman* analysis was not affected simply because plaintiffs only sought damages).

The allegations in the proposed complaint make it clear that a majority of the previously dismissed claims are related to the condominium foreclosure judgments, and none of the allegations suggest that Plaintiffs were denied a reasonable opportunity to challenge the foreclosure judgments or that they were unable to fully present their case. Plaintiffs have not identified anything that would cause this Court to reassess its previous *Rooker-Feldman* analysis. Accordingly, this Court finds that re-pleading the claims that were previously barred is futile and grants the following relief:

- Count I (fraud on the court) is dismissed as to the DPT Defendants and KSN with prejudice. Plaintiffs previously sought a declaration that "the Judgment of Foreclosure and sale of [the residential condominium], and every transaction into which it entered VOID;" the proposed complaint only asked for damages. The allegations supporting the claim, however, are nearly identical to those in the SAC and clearly challenge the foreclosure and sale of the residential condominium.
- Count II (fraud on the court) is dismissed as to the Bank Group with prejudice, for similar reasons as Count I except that the relief requested relates to the commercial condominium.
- Count III (fraud on the court) is dismissed as to the Bank Group with prejudice. Count III is inextricably linked to the state court foreclosure judgment and sale of the commercial condominium. This count could have been raised at the state level in post-judgment relief, pursuant to 735 ILCS 5/2-1401(f).
- Count V (violation of due process) is dismissed as to the DPT Defendants and KSN with prejudice as this count remains inextricably intertwined with the state court foreclosure judgment and sale of the residential condominium and rooftop parcel.
- Count VI (violation of due process) is dismissed as to the Bank Group with prejudice as this count remains inextricably intertwined with the state court foreclosure judgment and sale of the commercial condo.
- Count VII (violation of due process) is dismissed as to the Bank Group with prejudice. Count VII is inextricably intertwined with the state foreclosure and sale proceedings of the Gonzalez restaurant, which was located in the commercial condominium, and it is not an independent injury arising from Defendants' conduct.
- Count IX (violation of the Sherman Act and Clayton Act – bid rigging) is dismissed as to all named defendants with prejudice because this claim is inextricably intertwined with the foreclosure of the commercial condominium.
- Count XIII (unjust enrichment) is dismissed as to Banco Popular with prejudice and Count XIV (unjust enrichment) is dismissed as to John Leydon and 1700 W. Division LLC with prejudice as these claims clearly remain related to the foreclosure judgment and sale of the commercial condominium.

- Count XXVII (wrongful eviction) is dismissed as to DPT Condo, Banco Popular, and Chuhak with prejudice as it is inextricably linked to the commercial condominium foreclosure. Moreover, Plaintiffs challenged the foreclosure and eviction in state court.
- Count XXXIII (Civil Conspiracy) is dismissed as to all named defendants with prejudice as the conspiracy claim is inextricably intertwined with the state court foreclosures and sales. Plaintiffs have had multiple opportunities over the last five and a half years to raise conspiracy issues in their 2-1401(f) petitions.

*c. Timeliness*

The proposed complaint includes claims that this Court previously dismissed *with prejudice* based on the statute of limitations. Plaintiffs re-plead these claims despite the fact that a dismissal with prejudice means that the claims cannot be re-pleaded in a subsequent complaint. *Sandoval v. Godniez*, No. 13-CV-01295-MJR, 2014 WL 6616389, at *2 (S.D. Ill. Nov. 21, 2014). While it is well within its right to end its discussion of this point here, this Court, in light of the history of this case, finds that the previously dismissed claims warrant attention.

Plaintiffs attempt to save these claims by arguing that there is evidence of a continuing tort, despite this Court previously rejecting Plaintiffs' continuing tort theory. Under a "continuing tort" theory, where a tort involves continuous or repeated injurious behavior by the same actor(s) and of a similar nature, a plaintiff's cause of action does not accrue, and the limitations period does not begin to run, until the date the final injury occurs or the tortious acts cease. *Taylor v. Bd. of Educ. of City of Chicago*, 10 N.E.3d 383, 395-96, 2014 IL App. (1st) 123744, ¶ 46 (citations omitted). The continuing tort theory will not apply where acts within the limitations period do not resemble or relate to the earlier acts. *Robinson v. Morgan Stanley*, No. 06 C 5158, 2007 WL 2815839, at *9–10 (N.D. Ill. Sept. 24, 2007) (Holderman, C.J.). Plaintiffs, in the proposed complaint, allege a new set of facts that purportedly extend the limitations period. (Dkt. 130-1 ¶ 400). Plaintiffs, however, offer no argument as to how these new facts resemble or relate to earlier tortious acts. Each of the torts alleged in the complaint and the additional factual allegations in Dkt. 130-1 ¶ 400 are also time-

specific and discrete injuries. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 435-36 (7th Cir. 2009) (continuing tort rule did not apply to claims that did not depend on unbroken course of activity). Moreover, the proposed complaint offers no new allegations that alter this Court's previous position on the tolling of the statute of limitations based on the doctrines of equitable estoppel, equitable tolling, and duress. (Dkt. 127 at 22-24). Accordingly, this Court's previous order dismissing the following counts with prejudice for being untimely, (Dkt. 127 at 25), shall stand: Count XXIX (Fair Debt Collection Practices Act), Count XXXII (Violation of the Fair Housing Act), and Count XXXIV (Civil conspiracy to deprive Plaintiffs of their civil rights pursuant to 18 U.S.C. § 241 and 42 U.S.C. § 1985(3)).

*d. Failure to state a claim*

In their proposed complaint, Plaintiffs re-plead four claims for violations of their substantive and procedural due process rights. (Dkt 130-1, Counts V-VIII). These counts are essentially the same as Counts V-VIII in the second amended complaint. This Court previously dismissed Count VIII for failure to state a claim because Plaintiffs did not sufficiently allege that the Axelrod Defendants were state actors. (Dkt 127 at 25-26); *see Hinman v. Lincoln Towing Serv., Inc.*, 771 F.2d 189, 192 (7th Cir. 1985) ("[T]he Fourteenth Amendment erects no shield against merely private conduct, however discriminatory or wrongful") (internal quotations omitted); *Methodist Med. Center of Ill. v. Taylor*, 489 N.E.2d 351, 354, 140 Ill. App. 3d 713 (3d Dist. 1986). In the proposed complaint, Plaintiffs conclude, without offering any explanation, that the Axelrod Defendants were armed with state powers because they were pursuing legal action against Plaintiffs in state court. (Dkt. 130-1 ¶ 392). Accordingly, Count VIII is dismissed as to the Axelrod Defendants with prejudice as Plaintiffs have demonstrated that any amendment would be futile.[4]

---

[4] This Court has already dismissed Counts V-VII based on *Rooker-Feldman*. (*see* Analysis, sec. b of this order). This Court notes, however, that Plaintiffs have not alleged that the DPT Defendants (Count V) or the Bank Defendants (Counts VI and VII) are anything but private actors. Thus, this would also be grounds for dismissal of Counts V-VII.

8

*e. Diversity jurisdiction*

This Court previously dismissed the remaining state law claims because the parties lacked diversity. (Dkt. 127 at 21-22). Rather than address the diversity issues, Plaintiffs simply allege, without explanation, that this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367. The prevailing presumption in this circuit is that pendent state law claims should be dismissed without prejudice after dismissal of the federal claims. *Doe v. Catholic Archdiocese of Chicago*, No. 09-CV-7656, 2011 WL 65994, at *3 (N.D. Ill. Jan. 10, 2011) (citing *Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244, 1251 (7th Cir.1994)). Exceptions to this rule arise when: (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial resources have already been expended, necessitating a substantial duplication of effort in a new state court suit; or (3) it is absolutely clear how the pendent claims will be decided. *Id.* (citing *Sharp Electronics Corp. v. Metropolitan Life Insurance*, 578 F.3d 505, 514-15 (7th Cir.2009)). Neither party argues that these exceptions apply to the remaining state law claims. This Court therefore declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, Counts IV, X, XI, XII, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVIII, and XXXI are dismissed with prejudice.

**Conclusion**

Plaintiffs have demonstrated that amendment is futile, therefore Plaintiffs' motion for leave to amend [130] is denied and this case is terminated. Counts I, II, III, V, VI, VII, VIII, IX, XIII, XIV, XXVII, XXIX, XXX, XXXII, XXXIII, and XXXIV are dismissed with prejudice.

The remaining claims, Counts IV, X, XI, XII, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVIII, and XXXI are also dismissed with prejudice. This

Court will no longer entertain these claims or any further filings. If Plaintiffs choose to proceed with these claims in another court, they should exercise caution.[5]

    IT IS SO ORDERED.

                                                  _____
                                                  SHARON JOHNSON COLEMAN
                                                  United States District Judge

DATED: September 30, 2017

---

[5] If Plaintiffs pursue these claims elsewhere, they would be well advised to carefully consider Defendants' arguments in the briefing on the motion to dismiss the SAC. While the Court did not address many of the substantive arguments raised in those briefs, it is clear that some of them may have merit.