UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOMO ENTERPRISES, LLC, a dissolved Limited Liability Company, ANASTACIO GONZALEZ, PLAZA LOUNGE, LLC, a dissolved Limited Liability Company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-cv-11074 |
| BANCO POPULAR OF NORTH AMERICA, POPULAR INC, POPULAR COMMUNITY BANK, CHUHAK & TECSON, PEAK PROPERTIES, DAVID J. AXELROD AND ASSOCIATES, THOMAS H. HORN, TERENCE G. TIU, DANIEL J. FUMAGALLI, JOSHUA S. HYMAN, KARA ALLEN, MICHAEL L. ZUCKER, ROBERT S. STONE, DAVID BALL, JENNIFER CIRAR, DIVISON POINT TERRACES CONDO ASSOCIATION, DPT CONDO PRESIDENT, DPT CONDO SECRETARY, KOVITZ SHIFRIN & NESBIT, JOHN LEYDON, KATE LEYDON, 1700 W. DIVISION LLC, JEFFREY E. ROCHMAN, DAVID J. AXELROD, CHICAGO TITLE & TRUST CO, NORTHERN TITLE CO, UNNAMED CO-CONSPIRATORS, et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

The following motions for Rule 11 sanctions are before this Court: the Bank Defendants motion for sanctions against Plaintiffs,[1] (Dkt. 67), Kovitz Shifrin & Nesbit's ("KSN") motion for sanctions against Plaintiffs, (Dkt. 89), and Plaintiffs' "cross-sanctions" motion against all Defendants, (Dkt. 139). In ruling on these motions, this Court also considers North American Title

---

[1] For the purpose of this motion, the "Bank Defendants" include Popular, Inc., Banco Popular North America d/b/a Popular Community Bank, Thomas Horn, Chuhak &Tecson, P.C., Terrence G. Tiu, Daniel J. Fumagalli, Joshua S. Hyman, and Kara Allen.

Co.'s motion to separately respond to Plaintiffs' motion for sanctions, (Dkt. 142), and Defendants' motion to strike Plaintiffs' cross-sanctions motion. (Dkt. 144). For the following reasons, the Bank Defendants' motion [67] is granted, KSN's motion [89] is granted, and the motion to strike [144] is granted. Plaintiffs' motion [139] is denied in part and stricken in part and North American Title Co.'s motion [142] is stricken as moot.

**Background**

KSN and the Bank Defendants filed their motions for sanctions while this Court was considering Defendants' motions to dismiss Plaintiffs' second amended complaint ("SAC"). After dismissing the SAC, (Dkt. 127), this Court continued the motions for sanctions and permitted Plaintiffs to file a motion for leave to amend.

Plaintiffs filed their motion for leave to amend on June 6, 2017. This Court requested that the parties refrain from making additional filings until it resolved the pending motions. Defendants, presumably in deference to this Court's requests, filed no further motions. Plaintiffs, however, filed two versions of its cross-sanctions motion, one of which was stricken and one of which is the subject of this order, and a motion for leave to file an *amicus curiae* brief. Plaintiffs' cross-sanctions motion was filed nearly ten months after the Bank Defendants' motion for sanctions and eight months after KSN's motion for sanctions.

**Legal Standard**

Rule 11 requires that when an attorney or party files papers with the court, they certify that to the best of their knowledge, information, or belief, formed after an inquiry reasonable under the circumstances, that the claims or legal contentions set forth are warranted by law and the factual contentions in the papers have evidentiary support. Fed. R. Civ. P. 11(b)(2), (3); *Beverly Gravel, Inc. v. DiDomenico*, 908 F.2d 223, 225 (7th Cir. 1990) (citation omitted) (Rule 11 requires that an attorney conduct a reasonable inquiry into the facts and relevant law). Motions for sanctions should not be

used to test the sufficiency of a complaint; Rule 11 is meant to deter abusive litigation tactics. *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003). "The standard for imposing sanctions under Rule 11 is an objective determination of whether a sanctioned party's conduct was reasonable under the circumstances." *Brown v. Fed'n of State Med. Bds. of the U.S.*, 830 F.2d 1429, 1435 (7th Cir. 1987) *abrogated on other grounds by Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928 (7th Cir. 1989). Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the evidence to support a claim is merely weak. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). When a court finds that there was a violation of Rule 11(b), it must impose a sanction. *Mars Steel*, 880 F.2d at 935.

As a condition of imposing sanctions, the movant must serve the motion for sanctions on the offending party 21 days before filing with the court so that the offending party is afforded the opportunity to withdraw or correct the challenged pleading. *N. Ill. Telecom, Inc. v. PNC Bank*, N.A., 850 F.3d 880, 884-86 (7th Cir. 2017); see also Fed. R. Civ. P. 11(c)(2). In the alternative, a party may "substantially comply" with the Rule 11 safe harbor requirement by serving a letter outlining what the movant believes to be the grounds for sanctions and providing at least 21 days to remedy the problem. *N. Ill. Telecom*, 850 F.3d at 887 (discussing *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2003)). Failure to comply with the safe harbor rule is a procedural bar. *Id.* at 888-89.

Under Rule 11(c)(4), courts have the flexibility to provide a wide range of sanctions to deter repeated offending conduct. Sanctions must be limited to what suffices to deter repetition of the conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4).

**Analysis**

*a. The Bank Defendants and KSN's motions for sanctions against Plaintiffs*

The Bank Defendants ask this Court to sanction Plaintiffs because the lack of legal and factual foundations in the SAC shocks the conscience. They contend that virtually none of the

3

claims in the SAC are legally sound and that they are all barred by various jurisdictional issues. KSN also moves for sanctions on similar grounds.

Courts have ordered sanctions against parties where they sought to collaterally attack state foreclosure proceedings. *See, e.g. Wright v. Tackett*, 39 F.3d 155, 157-58 (7th Cir. 1994); *Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) (imposing sanctions and rejecting argument that plaintiff subjectively believed the *Rooker-Feldman* doctrine did not apply). Courts have also imposed sanctions where due process claims are alleged without any required state action. *See, e.g. Elsman v. Standard Fed. Bank (Michigan)*, 238 F. Supp. 2d 903, 908 (E.D. Mich. 2003) (observing that good faith belief that individuals were state actors is insufficient to show that beliefs were reasonable at the time the complaint was filed). In this case, the SAC challenged the foreclosure and sale of two condominiums. After the foreclosures, Plaintiffs filed two 735 ILCS 5/2-1401 petitions challenging the judgments, (see, e.g. Dkt. 68-1 at PDF pp. 117, 144), both of which address issues of fraud similar to the fraud alleged here. Plaintiffs' counsel appeared on Plaintiffs' behalf in state court and appears to have withdrawn those petitions. (Id. at PDF p. 202). To this Court's knowledge, Plaintiffs have not appealed the foreclosure judgments. While it is true that the complexity of *Rooker-Feldman* may be grounds to deny a motion for Rule 11 sanctions, *Malec Holdings II Ltd. v. English*, 217 F. App'x 527, 529 (7th Cir. 2007), this Court finds that the application of *Rooker-Feldman*, in this case, is not so complex. An attorney, through a reasonable investigation and research, would have discovered that the fraud alleged in the SAC was not sufficient to overcome *Rooker-Feldman*'s restrictions on this court and that such fraud had been previously alleged in the state court 2-1401 petitions. Moreover, the SAC explicitly requests that this Court void the state court judgments, despite *Rooker-Feldman*'s prohibition of such relief. Similarly, this Court finds that a reasonable investigation into the law and facts would have revealed that none of the parties' actions, as pleaded in the SAC, rose to the level of state action sufficient to support claims for due process violations.

This Court finds that a reasonable attorney, after an investigation into the relevant law and facts, would not have filed a majority of the claims in the SAC. Accordingly, this Court finds that Plaintiffs' counsel violated Rules 11(b)(2) and (3) by filing the SAC and that sanctions are appropriate.[2]

*b. Plaintiffs' "cross-sanctions motion"*

Plaintiffs move for sanctions against all Defendants pursuant to Rule 11 and 28 U.S.C. § 1927. Plaintiffs argue that Defendants should be sanctioned because the Bank Defendants and KSN's motions for sanctions, and the affidavit filed in support of the Bank Defendants' motion, (Dkts. 67, 68, 68-1, 89), contain several purportedly "false/fraudulent" statements.

Defendants move to strike Plaintiffs motion as procedurally defective because they never received a copy of Plaintiffs' motion or a letter outlining the grounds for sanctions. They also claim that Plaintiffs never provided Defendants with an opportunity to correct their purported infractions. Plaintiffs contend that their motion is one for "cross-sanctions," therefore it need not comply with Rule 11's safe harbor requirement. Plaintiffs cite *Patelco Credit Union v. Sahni*, 262 F.3d 897 (9th Cir. 2001), for support. In *Patelco*, the defendant moved for sanctions on the eve of trial. The plaintiff responded to the defendant's motion and made its own request for sanctions; this request, however, did not comply with the safe harbor requirement of Rule 11. *Id.* at 913. The court found that, in that particular situation, the plaintiff had no choice but to respond immediately to the request for sanctions and concluded that "[a] party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Id.* The court affirmed the plaintiff's sanctions award. *Id.* at 913-14.

Here, Plaintiffs' motion was not filed immediately after the Bank Defendants and KSN's motions for sanctions; rather, Plaintiffs delayed filing the motion for nearly ten months. Plaintiffs'

---

[2] This finding is not based on the sufficiency of the complaint; the sufficiency of the complaint is addressed in this Court's order dismissing the SAC. (Dkt. 127).

motion is also entirely separate from their actual responses in opposition to the motions for sanctions against them. (See Dkts. 106, 107). Accordingly, this Court finds that Plaintiffs' instant motion is not one "counter-requesting sanctions," that *Patelco* is inapplicable, and that Plaintiffs were required to comply with the safe harbor provision of Rule 11.

Plaintiffs argue that they substantially complied with Rule 11 because they notified Defendants of the purportedly false statements in various other motions and communications. The Court finds that these notices do not "substantially comply" with Rule 11, particularly because none of notifications provided Defendants with an opportunity to correct their purported errors. Plaintiffs' motion, to the extent that it is based on Rule 11, is stricken.

Plaintiffs also ask for sanctions pursuant to 28 U.S.C. § 1927. A district court can impose section 1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in a serious disregard for the orderly process of justice, pursued a claim that is without plausible legal or factual basis and lacking in justification, or pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound. *Jolly Grp. Ltd. v. Medline Indus. Inc.,* 435 F.3d 717, 720 (7th Cir. 2006) (citations omitted). Plaintiffs have not demonstrated that Defendants acted in bad faith, disregarded the orderly process of justice, or how or why a reasonable attorney would not have pursued sanctions. Plaintiffs' motion for sanctions under 28 U.S.C. § 1927 is therefore denied.

**Conclusion**

For the foregoing reasons, this Court grants the Bank Defendants' motion for sanctions [67], KSN's motion for sanctions [89], and Defendants' motion to strike [144]. Plaintiffs' cross- sanctions motion [139] is denied in part and stricken in part and North American Title Co.'s motion [142] is stricken as moot.

Rule 11 is not a fee-shifting statute; it ensures that each side bears the expenses of its own case. *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989). The allegations in the 179-page, 34-count SAC make it clear that Plaintiffs' counsel did not engage in a reasonable investigation into the facts and law surrounding the *Rooker-Feldman* doctrine and state action, among other things. By imposing sanctions here, this Court is making sure that Plaintiffs' counsel, as a proponent of the positions in the SAC, incurs the costs of investigating and responding to the relevant facts and law. *Id.*

It is this Court's position that sanctions should be a last resort. Plaintiffs pursued this action aggressively, despite this Court's previous rulings and warnings. To be frank, sanctions would likely be warranted for filing the 190-page, 33-count proposed third amended complaint. But, the parties are where they are, and this Court was faced with three motions for sanctions on which it had to rule. After considering the parties' positions, this Court, pursuant to Rule 11(c), awards reasonable attorney fees and costs up to a combined total of $20,000 to the moving parties and against Plaintiffs' counsel, Robert D. Shearer, for the time period from the filing of the second amended complaint to this Court's ruling on the motion for leave to amend. This Court instructs the parties to promptly begin the fee calculation process called for by the Local Rules.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: September 30, 2017

7