UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOMO ENTERPRISES, LLC, a dissolved Limited Liability Company, ANASTACIO GONZALEZ, PLAZA LOUNGE, LLC, a dissolved Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>POPULAR BANK, POPULAR INC., POPULAR COMMUNITY BANK, CHUHAK &TECSON, PEAK PROPERTIES,DAVID J. AXELROD AND ASSOCIATES,THOMAS H. HORN, TERENCE G. TIU, DANIEL J. FUMAGALLI, JOSHUA S. HYMAN, KARA ALLEN, MICHAEL L. ZUCKER, ROBERT S. STONE, DAVID BALL, JENNIFER CIRAR, DIVISON POINT TERRACES CONDO ASSOCIATION, DPT CONDO PRESIDENT, DPT CONDO SECRETARY, KOVITZ SHIFRIN & NESBIT, JOHN LEYDON, KATE LEYDON, 1700 W. DIVISION LLC, JEFFREY E. ROCHMAN, DAVID J. AXELROD, CHICAGO TITLE & TRUST CO, NORTHERN TITLE CO, UNNAMED CO-CONSPIRATORS, et al.,<br><br>    Defendant. | Case No. 15-cv-11074<br><br>Judge Sharon Johnson Coleman |

**ORDER**

  Defendants Kovitz, Shifrin Nesbit's ("KSN") and Defendants Popular, Inc. and Popular Bank (collectively, "Bank Defendants") each move this Court to award attorney's fees pursuant to its Rule 11 Sanctions Order of September 30, 2017 [158 and 160, respectively]. After considering both parties' positions on the matter, the Court grants Bank Defendant's motion and denies KSN's motion.

1

On September 30, 2017, this Court ruled on Rule 11 sanctions motions from the Bank Defendants, KSN, and plaintiffs. The Court granted both Defendants' motions. In the ruling ("Order"), defendants were awarded reasonable attorney fees and costs up to a combined total of $20,000 for the time period from the filing of plaintiff's second amended complaint to the Court's ruling on the motion for leave to amend. During the sanction period, KSN incurred $16,493.50 in attorney's fees litigating plaintiffs' claims. Bank Defendants spent over $85,680.64 in fees and expenses for this matter during the time in question.

On October 16, 2017, Bank Defendants and KSN each filed a motion for attorney's fees requesting that this Court rule on how the sanctions amount awarded in the Order should be divided. On October 25, 2017, this Court set a briefing schedule and directed plaintiffs to submit a response by November 27, 2017. As both defendants maintained contrary positions, they were permitted to respond to the opposing motions for fees if they deemed it necessary by plainitffs' response deadline. Neither defendant filed a response. On November 27, 2017, Plaintiff filed a motion to stay resolution of both motions pending the court ordered mediation or resolution of Plaintiff's appeal. The motion was denied on December 8, 2017after the hearing on the matter. Plaintiffs never filed a response. Accordingly, the motion is considered fully briefed and ripe for ruling.

As the Order specifically dictated that the sanctions award should cover reasonable attorney's fees and costs, it is only fair that the combined $20,000 be awarded on a pro rata basis so each defendant's amount proportionally accounts for the expenses it incurred in defending against plaintiffs' sanctionable conduct. The Bank Defendants' motion reported that it spent approximately 83 percent of the total combined legal costs between the two parties. Accordingly, Bank

Defendants will receive a portion of the sanctions that is proportionate to its percentage of expenses, $16,600. The remaining $3,400 of the sanctions amount are owed to KSN.

**Conclusion**

For the above reasons, Bank Defendant's motion for attorney's fees is granted and the KSN's motion is denied.

IT IS SO ORDERED.

ENTERED: SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: 7/19/2018